showing facts sufficient to warrant the exercise of the court's discretion, and only after defendant has had an opportunity to submit affidavits in opposition to the motion. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.

KASEL HUT et al., Respondents, v. MABEL FRASER, an Incompetent Person, by the Committee of Her Person and Property, WILLIAM D. FRASER, Appellant, and EMMA M. BINNS, Respondent, et al., Defendants.— In an action to foreclose a mortgage, the defendant Mabel Fraser, an incompetent person, by her committee, appeals from an order of the Supreme Court, Kings County, dated February 8, 1960, which denies her motion for an order vacating the summons and complaint, vacating the default judgment entered in the action, and nullifying subsequent conveyances and liens on the premises. The defendant was adjudicated an incompetent and a committee for her person and property was appointed after the entry of judgment in the foreclosure action and after the sale of the property to a bona fide purchaser for a valuable and fair consideration. Order affirmed, with $10 costs and disbursements (see, e.g., *Goldberg* v. *McCord*, 251 N. Y. 28). Nolan, P. J., Beldock, Kleinfeld, Pette and Brennan, JJ., concur.

KASEL HUT et al., Respondents, v. MABEL FRASER, an Incompetent Person, by the Committee of her Person and Property, WILLIAM D. FRASER, Appellant, and MIKARL REALTY CO., INC., et al., Respondents, et al., Defendant.— In an action to foreclose a mortgage, the defendant Mabel Fraser, an incompetent person, by her committee, appeals from an order of the Supreme Court, Kings County, dated February 8, 1960, which denies her motion for an order vacating the summons and complaint, vacating the default judgment entered in the action, and nullifying subsequent conveyances and liens on the premises. The defendant was adjudicated an incompetent and a committee for her person and property was appointed after the entry of judgment in the foreclosure action and after the sale of the property to a bona fide purchaser for a valuable and fair consideration. Order affirmed, with $10 costs and disbursements (see, e.g., *Goldberg* v. *McCord*, 251 N. Y. 28). Nolan, P. J., Beldock, Kleinfeld, Pette and Brennan, JJ., concur.

In the Matter of the Arbitration between CONSOLIDATED AVIONICS CORPORATION, Appellant, and SEM COMPANY, Respondent. CONSOLIDATED AVIONICS CORPORATION, Appellant, v. SEM COMPANY, Respondent.— In a special proceeding to stay the arbitration formally invoked by a landlord against its tenant with respect to the payment of taxes under a written lease, the tenant, Consolidated Avionics Corporation, appeals from an order of the Supreme Court, Nassau County, dated June 7, 1960, denying its application for a stay and dismissing its petition, and directing the parties to proceed with the arbitration. In an action by the tenant against the landlord for a declaratory judgment with respect to said taxes and for an injunction restraining the landlord, pending the determination of the action, from proceeding with the arbitration, the plaintiff tenant appeals from an order of the Supreme Court, Nassau County, dated June 7, 1960, granting the defendant landlord's motion to stay all proceedings in the action and directing the parties to proceed with the arbitration. The appeals have been consolidated and submitted on one record. Order in the special proceeding affirmed, with costs. No opinion. Order in the action affirmed, with $10 costs and disbursements. No opinion. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.

In the Matter of HYMAN KAHAN, Appellant, v. ROBERT C. WEAVER, as State Rent Administrator, Respondent.— In a proceeding by a landlord, pursuant to article 78 of the Civil Practice Act, to review a determination of the State Rent Administrator that a housing accommodation is not self-contained