■ MARINE MIDLAND BANK, Respondent, v ROME POLYMER, INC., et al., Appellants, et al., Defendant. [665 NYS2d 160] —Order unanimously affirmed without costs. Memorandum: Defendant Rome Polymer, Inc. (Rome), applied to plaintiff for a loan guaranteed by the United States Small Business Administration in the amount of $217,000. Plaintiff agreed to the loan, conditioned upon, *inter alia*, the pledge of certain collateral held by defendants John Kofskie and Elaine Amidon, and the execution of personal guaranties by Stephen Babinchak and defendants Kofskie, Amidon and James Donovan. Rome exe-

cuted a promissory note in the amount of $217,000, and Kofskie, Amidon and Donovan executed the guaranties. Rome defaulted on the note, and plaintiff commenced this action seeking judgment for the outstanding balance due thereon. Rome, Kofskie, Amidon and Donovan (defendants) interposed an answer asserting six affirmative defenses. Plaintiff moved for summary judgment striking the answer and affirmative defenses and for judgment for the outstanding balance. Supreme Court granted the motion. We affirm.

We reject the contention of defendants that there is a triable issue of fact regarding the scope of a release in favor of plaintiff executed by defendants during the parties' negotiations to cure the default. "[A] valid release which is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced as a private agreement between parties" (*Appel v Ford Motor Co.*, 111 AD2d 731, 732; *see, Mangini v McClurg*, 24 NY2d 556, 562-563). Where, as here, the language of the release is unambiguous, a party cannot avoid its effect by asserting that there is an issue of fact concerning the scope of the rights released (*see, Thailer v LaRocca*, 174 AD2d 731, 733; *Cortino v London Terrace Gardens*, 170 AD2d 305, 306, *lv denied* 78 NY2d 853; *Touloumis v Chalem*, 156 AD2d 230, 231-232). Moreover, defendants Amidon and Kofskie also signed a "nonwaiver" letter during the negotiations to cure the default, wherein they unambiguously acknowledge that they have no offset, defense, claims or counterclaims of any kind or nature against plaintiff.

Defendants' vague and conclusory allegations that the release was procured by the fraudulent concealment and misrepresentations of plaintiff are insufficient to defeat plaintiff's motion for summary judgment (*see, Zuckerman v City of New York*, 49 NY2d 557, 562; *Martino v Kaschak*, 208 AD2d 698, 699, *lv denied* 86 NY2d 703).

The contention of defendants that they offered a valid tender of payment sufficient to satisfy the note is unsupported by the record. Absent payment in full, a mortgagee has no obligation to release a mortgage lien against real property (RPAPL 1921 [1]; *Household Fin. Realty Corp. v Delmerico*, 202 AD2d 636, 637). The record establishes that defendants never offered full payment to plaintiff, but merely proposed that plaintiff release the mortgage it held as collateral for the note in exchange for the pledge of a certificate of deposit.

Finally, the contention of defendants that there is a triable issue of fact regarding the authenticity of the signature of Stephen Babinchak is misplaced. The action against Babinchak

has been severed, and the issue of the authenticity of his signature is no defense for defendants Amidon, Kofskie and Donovan, who do not deny the authenticity of their own notarized signatures on the guaranties. (Appeal from Order of Supreme Court, Onondaga County, Nicholson, J.—Summary Judgment.) Present—Green, J. P., Lawton, Wisner, Balio and Boehm, JJ.