■ MEADOWLANDS PORTFOLIO, LLC, as Assignee of FEDERAL DEPOSIT INSURANCE CORPORATION, Appellant, v GEORGE F. MANTON, SR., Respondent, et al., Defendants. [784 NYS2d 757]—

Appeal from an order of the Supreme Court, Jefferson County (Joseph D. McGuire, J.), entered October 29, 2003. The order granted the motion of defendant George F. Manton, Sr. for summary judgment dismissing the amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the amended complaint is reinstated.

Memorandum: Plaintiff commenced the instant action seeking to foreclose a mortgage given to Jefferson National Bank on certain real property owned by George F. Manton, Sr. (defendant) known as the Kool Brook Motel, which secured a note executed by defendant on October 5, 1988. The note was also secured by a mortgage given to Jefferson National Bank on real property located in Florida. Thereafter, the bank failed. In 1995 the lien on the property in Florida was released in consideration

of a payment to the Federal Deposit Insurance Corporation (FDIC) in the amount of $55,000. In January 1996, the FDIC sold the note and mortgage on the motel to plaintiff, together with a judgment taken against defendant on an unsecured note. Plaintiff and defendant entered into a release and settlement agreement in April 1997 whereby defendant acknowledged that he owed a debt on the note secured by the mortgage on the motel in the amount of "$6,542.14" and a judgment on the unsecured note in the amount of "$43,997.67," for a cumulative sum of "$50,426.63." By this foreclosure action, plaintiff seeks to recover the amounts owed on both the note secured by the mortgage and on the judgment. Supreme Court granted defendant's motion seeking summary judgment dismissing the amended complaint, determining, inter alia, that the secured note was satisfied in 1995. That was error. Defendant failed to establish that the release of the lien on the property in Florida effected a satisfaction of the secured note (*see generally Marine Midland Bank v Rome Polymer,* 244 AD2d 967, 968 [1997]), inasmuch as the documentary evidence that he submitted reflects only a release of the lien on the property in Florida. Furthermore, defendant submitted the 1997 release and settlement agreement wherein he acknowledged the remaining debt on the note secured by the mortgage on the motel. Defendant therefore failed to establish his entitlement to judgment as a matter of law (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Thus, we reverse the order, deny the motion and reinstate the amended complaint. Finally, we note that defendant contends in his brief that plaintiff may not enforce the judgment in the instant foreclosure action. Because it is not necessary to our decision herein, we do not address that contention. Present—Pine, J.P., Hurlbutt, Scudder, Kehoe and Lawton, JJ.