■ CITIBANK, N.A., Respondent, v KENNETH GRANT, Also Known as KENNETH C. GRANT, SR., Also Known as KENNETH C.

GRANT, Appellant. SAMUEL STERN, Intervenor-Respondent. [801 NYS2d 59]—

In an action to foreclose a mortgage, the defendant appeals from an order of the Supreme Court, Kings County (Barros, J.), dated September 8, 2004, which, after a hearing, denied his motion, inter alia, to vacate the foreclosure sale.

Ordered that the order is affirmed, without costs or disbursements.

The defendant failed to adduce any proof that at the time this foreclosure action was commenced, or when the property was ultimately sold in 2002 pursuant to a judgment of foreclosure, he was known, or should have been known, to be an incompetent incapable of protecting his own interests. Moreover, it is undisputed that the purchaser at the foreclosure sale, the intervenor-respondent, Samuel Stern, was a bona fide purchaser for a fair and valid consideration. Finally, contrary to his contention, the defendant failed to show that the equities indisputably favor him. Accordingly, the Supreme Court providently exercised its discretion in denying the defendant's motion to vacate the foreclosure sale (see *Guardian Loan Co. v Early*, 47 NY2d 515, 521-522 [1979]; *Mutual Life Ins. Co. of N.Y. v Hunt*, 79 NY 541, 545-546 [1880]; *Hut v Fraser*, 12 AD2d 641 [1960]; see also *Bank of N.Y. v Sheik*, 279 AD2d 440 [2001]; cf. *Covey v Town of Somers*, 351 US 141, 145-147 [1956]; *Blum v Stone*, 127 AD2d 549, 551-553 [1987]; *Barone v Cox*, 51 AD2d 115, 117-118 [1976]).

In light of this determination, we need not reach the parties' remaining contentions. Prudenti, P.J., Florio, Schmidt and Crane, JJ., concur.