# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**264**

**CA 11-01570**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

ERNEST P. THOMPSON AND WENDY J. THOMPSON,
PLAINTIFFS-RESPONDENTS,

V                                    MEMORANDUM AND ORDER

TINA M. NAISH, ALSO KNOWN AS TINA M. GERNATT,
DEFENDANT-APPELLANT,
ET AL., DEFENDANTS.

---

SOUTHERN TIER LEGAL SERVICES, A DIVISION OF LEGAL ASSISTANCE OF
WESTERN NEW YORK, INC., JAMESTOWN (TODD M. THOMAS OF COUNSEL), FOR
DEFENDANT-APPELLANT.

CLARK & WHIPPLE, LLP, FREDONIA (RICHARD F. WHIPPLE, JR., OF COUNSEL),
FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Chautauqua County
(James H. Dillon, J.), entered April 4, 2011 in a foreclosure action.
The order vacated a previous order setting aside a judgment of
foreclosure and reinstated said judgment.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: As limited by her brief, Tina M. Naish, also known
as Tina M. Gernatt (defendant), appeals from an order, entered
following a nonjury trial, determining that defendant was in default
on a mortgage issued by plaintiffs, and reinstating a previously
vacated judgment of foreclosure. Contrary to defendant's contention,
Supreme Court did not err in concluding that she had defaulted on the
mortgage. Plaintiffs established that defendant did not pay the
mortgage for the final six months of its term, nor did she pay it
within the month after that term expired. Plaintiffs' attorney then
wrote defendant a letter demanding payment within seven days, and
defendant failed to respond within that time, or within the month
after the expiration of that seven-day grace period.

We agree with defendant that "[o]f particular importance is a
fundamental principle that has informed the law of agency and
corporations for centuries; namely, the acts of agents, and the
knowledge they acquire while acting within the scope of their
authority are presumptively imputed to their principals" (*Kirschner v
KPMG LLP*, 15 NY3d 446, 465; *see Henry v Allen*, 151 NY 1, 9). Thus,
the payment that she belatedly provided to plaintiffs' attorney is

deemed received by plaintiffs at that time.  Given that a month had passed between the final date set in plaintiffs' demand letter and the time she sent that payment, however, and given that additional accrued interest was added to the mortgage balance pursuant to the terms of the mortgage contract, her payment did not constitute full payment of the outstanding balance of the loan.  Furthermore, we agree with the court that plaintiffs acted in good faith to protect their investment when they paid the outstanding three-year tax bill on the mortgaged property without actual knowledge that defendant had paid part of her balance due on the mortgage.  That payment was also added to the mortgage balance pursuant to the terms of the contract.  Inasmuch as defendant owed plaintiffs far more than the minimal interest on the unpaid balance (*cf. Matter of County of Ontario [Middlebrook]*, 59 AD3d 1065), the court did not abuse its discretion in concluding that she was in default on the mortgage.

Contrary to defendant's further contention, she "failed to show that the equities indisputably favor [her]" position (*Citibank, N.A. v Grant*, 21 AD3d 924).  Defendant is correct that, " '[o]nce equity is invoked, the court's power is as broad as equity and justice require' " (*Mortgage Elec. Regis. Sys. v Horkan*, 68 AD3d 948, 948).  Here, however, equity does not require a different result.  Although defendant tendered the amount demanded by plaintiffs, she did so more than a month after the date upon which plaintiffs indicated that they would accept payment in lieu of commencing a foreclosure action, and failed to include any payment for the interest that accrued in the interim.  In addition, she was still in default on the property's taxes.  She failed to contact plaintiffs to notify them that she was sending payment, and in fact the payment was sent to plaintiffs' attorney while he was on vacation.  Thus, the court did not abuse its discretion in balancing the equities in favor of plaintiffs, and declining to overlook defendant's default.

Entered:  March 16, 2012                    Frances E. Cafarell
                                            Clerk of the Court