# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**594**

**CA 13-01591**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

MEADOWLANDS PORTFOLIO, LLC, AS ASSIGNEE OF
FEDERAL DEPOSIT INSURANCE CORPORATION,
PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

GEORGE F. MANTON, SR., DEFENDANT-RESPONDENT,
ET AL., DEFENDANTS.
(APPEAL NO. 1.)

---

SCHWERZMANN & WISE, P.C., WATERTOWN (KEITH B. CAUGHLIN OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

SLYE & BURROWS, WATERTOWN (ROBERT J. SLYE OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Jefferson County
(James P. McClusky, J.), entered January 29, 2013.  The judgment,
among other things, determined that defendant George F. Manton, Sr.,
owed to plaintiff a principal balance of $17,000.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiff commenced this foreclosure action in 2002,
seeking the total amount due under a settlement and release agreement
(SRA) executed by the parties on May 1, 1997.  The SRA combined into
one obligation the amounts due on a note secured by two mortgages, the
balance of which was $6,542.14, together with a judgment in the amount
of $43,997.67.  Both obligations were in favor of Jefferson National
Bank (bank) and were assigned to plaintiff by the Federal Deposit
Insurance Corporation when the bank failed.  The SRA provided for an
interest rate of 18%, unless George F. Manton, Sr. (defendant) made
periodic payments, as set forth in an attached amortization schedule,
by 5:00 p.m. on the 15th day of every month, until May 15, 2003.  In
the event that defendant made the payments on time, plaintiff would
apply an interest rate of 7% on a principal balance of $31,500.
Although the first scheduled payment was on April 15, 1997, the SRA
was not executed until May 1, 1997.  Defendant made monthly payments,
some of which were made after the 15th day of the month, and plaintiff
assessed interest at a rate of 18% from the inception of the payment
period, i.e., April 15, 1997, as well as late fees.  In June 2001,
defendant paid a lump sum of $17,000.  The principal, however, had not
been reduced after the initial payment of $2,000 on May 1, 1997, and

the lump sum payment was applied entirely to accrued interest and late fees. The parties then executed a lien release agreement (LRA) in July 2001, pursuant to which plaintiff released the lien on one of the secured premises and defendant waived his right to claim that he owed less than an additional $17,000 pursuant to the SRA. Defendant failed to make further payments pursuant to the SRA, and this action was commenced in July 2002. On a prior appeal, we reversed the order granting defendant's motion for summary judgment dismissing the amended complaint (*Meadowlands Portfolio, LLC v Manton*, 11 AD3d 936).

Following a bench trial in 2010, Supreme Court determined liability in favor of plaintiff and referred the matter to a referee to determine the amount due. The Referee who conducted the hearing credited plaintiff's interpretation of the SRA and the LRA and determined, inter alia, that the amount due pursuant to those agreements was $149,926.48, i.e., principal in the amount of $49,155.49, plus accrued interest and late fees. The court, however, rejected the Referee's findings and instead determined that defendant owed a principal balance of $17,000, at a rate of interest of 9%, for a period of five years. We affirm.

"A foreclosure action is equitable in nature and triggers the equitable powers of the court" (*Norwest Bank Minn., NA v E.M.V. Realty Corp.*, 94 AD3d 835, 836, *lv dismissed* 19 NY3d 1085; *see generally Notey v Darien Constr. Corp.*, 41 NY2d 1055, 1055-1056). "[O]nce equity is invoked, the court's power is as broad as equity and justice require" (*Thompson v Naish*, 93 AD3d 1203, 1204 [internal quotation marks omitted]). We conclude that the court properly determined that plaintiff breached its duty of good faith and fair dealing with respect to the SRA and the LRA (*see generally Dalton v Educational Testing Serv.*, 87 NY2d 384, 389). Here, defendant waived his right to claim that he owed less than $17,000 when he executed the LRA, and we conclude that the court properly exercised its equitable powers by reducing the principal owed to $17,000. Furthermore, in an equitable action, the rate and duration of interest are within the discretion of the court (*see* CPLR 5001 [a]; *Norwest Bank Minn., NA*, 94 AD3d at 837; *Dayan v York*, 51 AD3d 964, 965, *lv dismissed* 12 NY3d 839) and, contrary to plaintiff's contention, the court did not abuse its discretion in reducing both the rate of interest and its duration. Indeed, pursuant to the terms of the SRA, "[d]efendant[] enjoyed no power . . . to avoid the payment of excessive interest" (*Eikenberry v Adirondack Spring Water Co.*, 65 NY2d 125, 129; *see generally* General Obligations Law § 5-501 [1], [6] [a]). Moreover, we note that the matter was pending for over 10 years, and much of the delay was attributable to plaintiff.

We further conclude that the court did not abuse its discretion in awarding plaintiff the sum of $10,000 in attorney's fees, rather than the sum of $41,042 that plaintiff requested (*see A&M Global Mgt. Corp. v Northtown Urology Assoc., P.C.*, 115 AD3d 1283, 1290; *Pelc v Berg*, 68 AD3d 1672, 1673).

Entered:  June 20, 2014

Frances E. Cafarell
Clerk of the Court