Matter of Lippes v State Univ. of N.Y. at Buffalo (2023 NY Slip Op 00773)

Matter of Lippes v State Univ. of N.Y. at Buffalo

2023 NY Slip Op 00773

Decided on February 10, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

950 CA 22-01051

[*1]IN THE MATTER OF JOSHUA LIPPES, PETITIONER-APPELLANT,
v
STATE UNIVERSITY OF NEW YORK AT BUFFALO, SATISH TRIPATHI, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF STATE UNIVERSITY OF NEW YORK AT BUFFALO, AND STATE UNIVERSITY OF NEW YORK, RESPONDENTS-RESPONDENTS. 

LIPPES & LIPPES, BUFFALO (JOSHUA R. LIPPES OF COUNSEL), FOR PETITIONER-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (MELISSA H. THORE OF COUNSEL), FOR RESPONDENTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Emilio Colaiacovo, J.), entered January 31, 2022 in a proceeding pursuant to CPLR article 78. The order awarded petitioner attorney's fees in the amount of $5,000 and $350 in costs. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this CPLR article 78 proceeding arising from a Freedom of Information Law ([FOIL] Public Officers Law art 6) request, petitioner appeals from an order awarding him $5,000 in attorney's fees and $350 in costs pursuant to Public Officers Law § 89 (4) (c). We reject petitioner's contention that Supreme Court erred in awarding attorney's fees in an amount less than petitioner had requested. "In evaluating what constitutes . . . reasonable attorney's fee[s], factors to be considered include the time and labor expended, the difficulty of the questions involved and the required skill to handle the problems presented, the attorney's experience, ability, and reputation, the amount [of money] involved, the customary fee charged for such services, and the results obtained" (Matter of Dessauer, 96 AD3d 1560, 1561 [4th Dept 2012] [internal quotation marks omitted]; see A & M Global Mgt. Corp. v Northtown Urology Assoc., P.C., 115 AD3d 1283, 1290 [4th Dept 2014]). "[A] trial court is in the best position to determine those factors integral to fixing [attorney's] fees . . . and, absent an abuse of discretion, the trial court's determination will not be disturbed" (A & M Global Mgt. Corp., 115 AD3d at 1290 [internal quotation marks omitted]). Upon our review of the record and the requisite factors, we conclude that the court did not abuse its discretion in fixing the award (see Hinman v Jay's Vil. Chevrolet, 239 AD2d 748, 748-749 [3d Dept 1997]; see generally Meadowlands Portfolio, LLC v Manton, 118 AD3d 1439, 1441 [4th Dept 2014]; A & M Global Mgt. Corp., 115 AD3d at 1290; Dessauer, 96 AD3d at 1560-1561).
Entered: February 10, 2023
Ann Dillon Flynn
Clerk of the Court