■ GEOFFREY C. BEAUMONT et al., Appellants, v AMERICAN CAN COMPANY et al., Respondents, et al., Defendants.—Judgment, Supreme Court, New York County (Herman Cahn, J.), entered November 1, 1988, which, *inter alia,* dismissed both causes of action asserted in the complaint, unanimously modified, on the law, to the extent of reinstating both causes of action, and otherwise affirmed, without costs.

The underlying facts of the case herein have been thoroughly detailed in first, the thoughtful opinion of District Judge Morris E. Lasker (621 F Supp 484 [SD NY 1985]) and the subsequent opinion of Judge Edward Lumbard, which affirmed the District Court (797 F2d 79 [2d Cir 1986]).

Plaintiffs first commenced a class action against the defendants herein in the Southern District of New York. The Federal complaint asserted five causes of action, one of which alleged that defendants violated Business Corporation Law § 501 (c). The District Court subsequently granted defendants summary judgment and dismissed all the causes of action with prejudice, save the State claim. *(Beaumont v American Can Co.,* 621 F Supp 484, *supra.)* After the Second Circuit affirmed the District Court (797 F2d 79, *supra),* plaintiffs brought the instant action, asserting two causes of action, i.e., violation of Business Corporation Law § 501 (c) and breach of fiduciary

duties by the defendants herein. In effect, the consolidated and amended supplemental complaint seeks damages of approximately $9,000,000, that is the $2.39 differential between the value of 4.5 million shares of American Can stock which was received at the time of the merger by small private investors and the $15 per share that Associated Madison Companies, Inc. shareholders, whose cash preferences were honored, received.

The individual defendant moved, and American Can Co. cross-moved, to dismiss the consolidated amended and supplemental complaint on the grounds that, *inter alia,* the Business Corporation Law § 501 (c) claim failed to state a cause of action and that the breach of fiduciary duty claim was barred by res judicata. Supreme Court granted the motion.

We disagree. We find that plaintiff has, in fact, stated a valid cause of action under Business Corporation Law § 501 (c), in light of the recent case of *Matter of Cawley v SCM Corp.* (72 NY2d 465, 473-474 [1988]; *compare, Zetlin v Hanson Holdings,* 48 NY2d 684, 685 [1979] [a non section 501 (c) case, where the alleged discrimination was based solely upon premium value of a controlling interest, rather than, as here, unequal treatment among small private shareholders]).

We further hold that defendants' contention that the second cause of action, alleging breach of a fiduciary duty, is barred by res judicata is meritless. While plaintiffs did in fact raise the claim that the merger which is the subject of the within action violated Business Corporation Law § 501 (c) in the Federal court action, the Federal court refused to retain pendent jurisdiction as to any cause of action based upon a nonFederal claim. (621 F Supp 484, 502-503, *supra.)* Thus, the second cause of action herein, a State claim, was not within the Federal court's stated jurisdiction. Therefore, in view of the fact that the Federal court did not consider the claim on the merits, we conclude that res judicata is not applicable here and that Supreme Court erred in summarily dismissing the second cause of action herein as barred by res judicata. *(Cf., Schuylkill Fuel Corp. v Nieberg Realty Corp.,* 250 NY 304, 306-307 [1929].)*

Accordingly, the order appealed from is modified, to the extent of reinstating the first and second causes of action, and otherwise affirmed. Concur—Sullivan, J. P., Ross, Carro and Rosenberger, JJ. *[See,* 142 Misc 2d 767.]