4 GEOFFREY C. BEAUMONT et al., Respondents, v AMERICAN CAN Co., Respondent, and FRANK T. CROHN, Appellant. [626 NYS2d 201] —Order, Supreme Court, New York County (Herman Cahn, J.), entered December 14, 1994, which granted the motion of defendant American Can Co. to strike the claim made by Frank T. Crohn to participate in a class settlement fund, unanimously affirmed, with costs.

This litigation arises out of the 1982 merger of Associated Madison Companies, Inc. ("Associated") into AC Financial Services, Inc., a wholly-owned subsidiary of American Can Company ("American Can" or "American"). In the merger, approximately 43% of Associated's common stock, owned mostly by large institutional investors, was bought for $15 in cash per share; the remaining 4.5 million shares of Associated stock were each exchanged for American Can stock, which was then worth about $12.61 per share. The individual plaintiffs, three of about 2,000 Associated shareholders who received the lower valued American Can stock, commenced this action, as a class, to recover the difference, asserting, *inter alia,* violation of Business Corporation Law § 501 (c), which mandates that each share of stock shall be equal to every

other share of the same class, and breach of fiduciary duties. After the IAS Court granted summary judgment in favor of plaintiffs, the parties entered into a settlement agreement, under which all Associated shareholders who received American Can stock instead of cash in the merger were entitled to recover $3.22 per share, limited to a total payment of $10.5 million, including fees and expenses. The settlement specifically excludes from the class of recovering shareholders "defendants, their families, heirs, successors and assignees."

Frank T. Crohn filed a certification of stock ownership with the Claims Administrator, claiming entitlement to settlement funds for the 334,031 Associated shares that he had exchanged in the merger. The Claims Administrator rejected his claim in light of the facts that Crohn had been a director of Associated, a member of its Executive Committee, had voted in favor of the merger, and had been named as a defendant in both the Federal and State actions. Crohn contested his exclusion, pointing out that he had never been served in either action and that the State action had been dismissed against him by stipulation of the other parties. The IAS Court then granted American Can's motion to strike the claim, clarifying that the settlement always meant to exclude from the class, all named defendants and directors of Associated at the time of the merger.

We find that the court did not impinge on Crohn's constitutional right to due process or his statutory right pursuant to Business Corporation Law § 501 (c) by determining that he could be treated differently from the other shareholders. Although section 501 (c) provides, without exception, that identical shares of stock shall be equal to every other share of the same class (see, Matter of Cawley v SCM Corp., 72 NY2d 465, 473; Beaumont v American Can Co., 160 AD2d 174), it is well settled that a wrongdoer should not be allowed to profit from his own wrong and, to preclude that from happening, such "individual may be denied use of a statute by his acts" (Matter of Carol J. v William J., 119 Misc 2d 739, 742). Further, we agree that Crohn could not be a class member because he was not in the same position as a member of the public who owned the stock (CPLR 901 [a] [2], [3]), but was, rather, at the critical period a director who had voted in favor of the merger in all respects.

We reject Crohn's contention that the court's decision constitutes an amendment of a final judgment in violation of CPLR 5019 (a); in context, the meaning of the exclusion was ambiguous and the court properly clarified its scope (Jeff D. v

*Andrus,* 899 F2d 753, 759 [9th Cir]) in a manner that is both rational and respectful of settled maxims of contract interpretation. We have considered claimant's other contentions and find them to be without merit. Concur—Murphy, P. J., Ellerin, Kupferman, Ross and Mazzarelli, JJ.