■ Norwest Bank Minnesota, NA, as Trustee for the Registered Holders of DJL Commercial Mortgage Corp., Commercial Mortgage Pass-Through Certificates, Series 1999-CG-2, Plaintiff, v E.M.V. Realty Corp. et al., Respondents-Appellants, and RJR Mechanical, Inc., Appellant-Respondent, et al., Defendants. [943 NYS2d 113]—

In an action to foreclose a mortgage, the defendant RJR Mechanical, Inc., appeals (1) from a decision of the Supreme Court, Queens County (Joseph G. Golia, J.), dated July 30, 2010, made after a hearing, and (2), as limited by its brief, from so much of an order of the same court dated May 2, 2011, as, upon the decision, granted its motion, in effect, for the distribution from escrow of the proceeds from the sale of the subject premises to the extent of directing that escrowed funds in the total sum of only $424,790.42 be distributed to it, and the defendants E.M.V. Realty Corp. and Harry Baron cross-appeal from (1) the same decision, and (2) so much of the same order as, upon the decision, granted that branch of the motion of the defendant RJR Mechanical, Inc., which was for the distribution of escrowed funds in the sum of $399,933.82, representing an award of interest upon the unpaid principal balance of the subject mortgage.

Ordered that the appeal and cross appeal from the decision are dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509, 511 [1984]); and it is further,

Ordered that the order is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof granting that branch of the motion of the defendant RJR Mechanical, Inc., which was for the distribution of escrowed funds in the

sum of $399,933.82, representing an award of interest upon the unpaid principal balance of the subject mortgage and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof directing that escrowed funds in the total sum of $424,790.42 be distributed to the defendant RJR Mechanical, Inc., and substituting therefor a provision directing that escrowed funds in the total sum of $24,856.60 be distributed to that defendant; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendants E.M.V. Realty Corp. and Harry Baron.

During the course of this foreclosure action, the tenant of the subject premises, the defendant RJR Mechanical, Inc. (hereinafter RJR), obtained an assignment of the mortgage from the plaintiff, as well as an assignment of a judgment lien against the premises. A private sale of the premises was eventually completed. The proceeds of the sale were placed into an escrow account pending a hearing to determine RJR's interests in the mortgage and judgment, the circumstances surrounding RJR's acquisitions of the mortgage and judgment, and rental offsets claimed by the owner of the premises, the defendant E.M.V. Realty Corp. (hereinafter EMV).

After the hearing, the Supreme Court, in an order dated May 2, 2011, among other things, granted RJR's motion, in effect, for the distribution from escrow of the proceeds from the sale of the subject premises to the extent of directing that escrowed funds in the total sum of $424,790.42 be distributed to it, limiting RJR's recovery on the mortgage and the judgment based upon principles of equity. The total sum of RJR's distribution included interest upon the unpaid principal balance of the subject mortgage in the sum of $399,933.82. RJR appeals, contending that it is entitled to the entirety of the funds held in escrow in satisfaction of the mortgage and the judgment. EMV and its principal, the defendant Harry Baron, cross-appeal from so much of the same order as granted that branch of RJR's motion which was for the distribution of escrowed funds in the sum of $399,933.82, representing an award of interest upon the unpaid principal balance of the subject mortgage.

A foreclosure action is equitable in nature and triggers the equitable powers of the court (*see Notey v Darien Constr. Corp.*, 41 NY2d 1055 [1977]; *Mortgage Elec. Registration Sys., Inc. v Horkan*, 68 AD3d 948 [2009]). A wrongdoer should not be permitted to profit from his or her own wrong (*see Kirschner v KPMG LLP*, 15 NY3d 446, 464 [2010]; *Campbell v Thomas*, 73 AD3d 103, 116-117 [2010]; *Beaumont v American Can Co.*, 215 AD2d 249 [1995]).

In determining the distribution of the proceeds from the sale of the subject premises, the Supreme Court properly denied RJR recovery for charges accrued due to the default in the mortgage payments and the resulting foreclosure action in light of the Supreme Court's finding, which is supported by the record, that RJR itself intentionally precipitated the foreclosure action by failing to make mortgage payments in lieu of rent. Likewise, the Supreme Court properly limited RJR's interest in the judgment to its cost of acquisition since the record reveals that RJR repeatedly thwarted EMV's efforts to compromise the judgment for a fraction of its value prior to obtaining assignment of the judgment itself.

However, under the circumstances of this case, the Supreme Court improvidently exercised its discretion when it granted that branch of RJR's motion which was for the distribution of escrowed funds in the sum of $399,933.82, representing an award of interest upon the unpaid principal balance of the subject mortgage. "In an action of an equitable nature, the recovery of interest is within the court's discretion" (*Dayan v York*, 51 AD3d 964, 965 [2008]; *see* CPLR 5001 [a]; *Deutsche Bank Trust Co., Ams. v Stathakis*, 90 AD3d 983, 984 [2011]). In light of RJR's deliberate course of conduct which triggered the subject foreclosure, equity requires the cancellation of any interest awarded to RJR on the unpaid principal balance of the mortgage. Thus, the total sum of the escrowed funds to be distributed to RJR must be reduced by the sum of $399,933.82.

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Skelos, J.P., Leventhal, Lott and Miller, JJ., concur.