■ US Bank National Association, as Trustee for CSMC ARMT 2006-3, Appellant, v Fay Williams, Respondent, et al., Defendants. [995 NYS2d 171]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated November 18, 2013, as denied that branch of its motion which was to reject the report of a referee dated May 8, 2012, made after settlement conferences pursuant to CPLR 3408, confirmed stated portions of the referee's report, and upon, in effect, denying the defendant Fay Williams's motion to hold it in civil contempt, directed it to review the defendant Fay Williams for an affordable mortgage loan modification pursuant to the Home Affordable Modification Program using payoff figures from June 2010 and to submit a proposed loan modification order to the defendant Fay Williams and the court, canceled all interest accrued on the subject mortgage loan between the date of the initial settlement conference in June 2010 and the date that the parties agree to a loan modification, barred it from charging the defendant Fay Williams any attorney's fees or costs incurred in this action, and directed it, within 60 days, to provide the defendant Fay

Williams with a payoff statement which incorporates the cancellation of interest from June 2010 and which does not assess any attorney's fees or costs incurred in this action.

Ordered that the order dated November 18, 2013, is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof directing the plaintiff to submit a proposed loan modification order to the defendant Fay Williams and the court, (2) by deleting the provision thereof canceling interest accrued between the date of the initial settlement conference in June 2010 and the date that the parties agree to a loan modification, and substituting therefor a provision canceling interest accrued between the date of the initial settlement conference in June 2010 and the date on which settlement negotiations recommence, (3) by deleting the provision thereof barring the plaintiff from charging the defendant Fay Williams any attorney's fees or costs incurred in this action, and substituting therefor a provision barring the plaintiff from charging the defendant Fay Williams any attorney's fees or costs incurred in this action between the date of the initial settlement conference in June 2010 and the date on which settlement negotiations recommence, (4) by deleting the provision thereof directing the plaintiff, within 60 days, to provide the defendant Fay Williams with a payoff statement which incorporates the cancellation of interest from June 2010 and which does not assess any attorney's fees or costs incurred in this action, and substituting therefor a provision directing the plaintiff, within 60 days from service upon it of a copy of this decision and order, to provide the defendant Fay Williams with a payoff statement which incorporates the cancellation of interest accrued between the date of the initial settlement conference in June 2010 and the date on which settlement negotiations recommence and which does not assess any attorney's fees or costs between the date of the initial settlement conference in June 2010 and the date on which settlement negotiations recommence, (5) by deleting the provision thereof denying that branch of the plaintiff's motion which was to reject the referee's report and substituting therefor a provision granting that branch of the plaintiff's motion to the extent indicated hereinabove, and (6) by deleting the provision thereof confirming stated portions of the referee's report and substituting therefor a provision confirming those stated portions to the extent indicated hereinabove; as so modified, the order dated November 18, 2013, is affirmed insofar as appealed from, with one bill of costs to the defendant Fay Williams, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

In June 2006, the defendant Fay Williams and nonparty Credit Suisse Financial Corporation (hereinafter Credit Suisse) agreed to an adjustable rate mortgage loan in the sum of $516,800 for property located in Brooklyn (hereinafter the property). The terms of the mortgage note provided that in the event of default, Williams would pay the mortgagee's attorney's fees and costs. The defendant Mortgage Electronic Registration Systems (hereinafter MERS) recorded the mortgage as nominee for Credit Suisse. In July 2009, Williams allegedly defaulted on the mortgage note. In February 2010, MERS purportedly assigned the mortgage note to the plaintiff, US Bank National Association, as Trustee for CSMC ARMT 2006-3 (hereinafter US Bank).

In February 2010, US Bank commenced this action to foreclose on the mortgage. US Bank never appeared for mandatory conferencing. Instead, nonparty servicer ASC/Wells retained nonparty Steven J. Baum, P.C. (hereinafter Baum, and hereinafter collectively with ASC/Wells and US Bank, the foreclosing parties), to prosecute the action and participate in foreclosure conferencing. Between June 2010 and July 2011, Baum and Williams participated in 10 settlement conferences, during which Baum represented that Williams might qualify for loan modification via the federal Home Affordable Modification Program (hereinafter HAMP) and repeatedly asked her to submit additional documentation regarding the HAMP application. In July 2011, the foreclosing parties advised the Supreme Court that, notwithstanding their prior representations, US Bank had denied review of Williams's HAMP application because it was contractually prohibited by a 2006 Pooling and Servicing Agreement (hereinafter PSA) from modifying the interest rate or term of the mortgage.

In a referee's report dated May 8, 2012, the referee found, inter alia, that the foreclosing parties failed to negotiate in good faith for more than a year, prolonged the workout process, and wasted judicial resources by causing Williams to submit multiple HAMP applications and to attend numerous settlement conferences, even though they knew the PSA prohibited US Bank from modifying the applicable interest rate or term. Accordingly, the referee recommended an order (1) directing ASC/Wells to review Williams for an affordable loan modification under HAMP using payoff figures from June 2010 and to submit a proposed modification offer to Williams and the court; (2) directing the parties to appear for a hearing to determine whether to impose sanctions against the foreclosing parties for failure to negotiate in good faith; (3) barring US Bank from recovering an

attorney's fee and costs from Williams; and (4) tolling all interest accrued on the mortgage note between the initial conference date in June 2010 and the date on which the parties enter into a loan modification agreement.

By order dated July 2, 2012 (hereinafter the July 2012 order), the Supreme Court, on its own initiative, in effect, confirmed the relevant provisions of the referee's report. In September 2012, the Supreme Court directed the parties to make a further attempt at modification. The foreclosing parties subsequently refused to offer loan modification to Williams due to US Bank's refusal to allow reductions in the interest and term. On or about April 23, 2013, US Bank provided a payoff statement to Williams which included interest accrued since June 2010 and an attorney's fee incurred in the action.

On or about July 5, 2013, Williams moved to hold US Bank in civil contempt based on its failure to comply with the provisions of the July 2012 order directing it, in effect, to provide a payoff statement excluding accrued interest since the date of the initial settlement conference in June 2010 and charges for an attorney's fee and costs. US Bank opposed the motion and moved to vacate the July 2012 order and reject the referee's report. The Supreme Court accepted US Bank's contention that it had no notice of the referee's report or of the court's order confirming it, and thus, the court treated US Bank's motion as a timely motion to reject the referee's report.

In the order appealed from, the Supreme Court, in effect, denied Williams's motion to hold US Bank in civil contempt and denied that branch of US Bank's motion which was to reject the referee's report. The Supreme Court also, in effect, granted that branch of US Bank's motion which was to vacate the July 2012 order and, thereupon, confirmed the referee's report to the extent of directing US Bank to review Williams for an affordable mortgage loan modification pursuant to the HAMP using payoff figures from June 2010 and to submit a proposed loan modification order to Williams and the court, canceling all interest accrued on the subject mortgage loan between the date of the initial settlement conference in June 2010 and the date that the parties agree to a loan modification, barring US Bank from charging Williams any attorney's fees or costs incurred in this action, and directing US Bank, within 60 days, to provide Williams with a payoff statement which incorporates the cancellation of interest from June 2010 and which does not assess any attorney's fees or costs incurred in this action. US Bank appeals.

"A foreclosure action is equitable in nature and triggers the

equitable powers of the court" (*Norwest Bank Minn., NA v E.M.V. Realty Corp.*, 94 AD3d 835, 836 [2012]; *see Notey v Darien Constr. Corp.*, 41 NY2d 1055, 1055-1056 [1977]; *Mortgage Elec. Registration Sys., Inc. v Horkan*, 68 AD3d 948, 948 [2009]). " 'Once equity is invoked, the court's power is as broad as equity and justice require' " (*Mortgage Elec. Registration Sys., Inc. v Horkan*, 68 AD3d at 948, quoting *Norstar Bank v Morabito*, 201 AD2d 545, 546 [1994]).

The record supports the referee's finding that the foreclosing parties failed to negotiate in good faith. Thus, the Supreme Court properly directed US Bank to review Williams for HAMP modification, in light of the referee's findings, in effect, that it had thus far failed to fulfill its statutory obligation to do so (*see Wells Fargo Bank, N.A. v Meyers*, 108 AD3d 9, 23 [2013]).

However, the Supreme Court erred in directing US Bank to submit a proposed loan modification order to Williams and the court, as the court was without authority to force parties to reach an agreement (*see Flagstar Bank, FSB v Walker*, 112 AD3d 885, 886 [2013]; *Wells Fargo Bank, N.A. v Meyers*, 108 AD3d at 20, 22).

Contrary to US Bank's contention, the Supreme Court providently exercised its discretion canceling certain interest accrued on the mortgage note after June 2010. "In an action of an equitable nature, the recovery of interest is within the court's discretion. The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party" (*Dayan v York*, 51 AD3d 964, 965 [2008] [citations omitted]; *see* CPLR 5001 [a]; *Norwest Bank Minn., NA v E.M.V. Realty Corp.*, 94 AD3d at 837; *Danielowich v PBL Dev.*, 292 AD2d 414, 415 [2002]). The record demonstrates that the foreclosing parties repeatedly represented to the referee and to Williams that they were considering Williams for HAMP loan modification and repeatedly demanded that Williams submit additional documentation in support of that application, notwithstanding the prohibition against such a modification in the PSA, which they did not disclose until approximately 13 months after negotiations began. Under these circumstances, the Supreme Court providently exercised its discretion in finding that US Bank was not entitled to collect interest accrued as a result of its wrongful conduct (*see generally US Bank N.A. v Sarmiento*, 121 AD3d 187 [2d Dept 2014]; *Norwest Bank Minn., NA v E.M.V. Realty Corp.*, 94 AD3d at 836; *Dayan v York*, 51 AD3d at 965).

However, the Supreme Court improvidently exercised its discretion in canceling interest accrued between June 2010 and until such date as the parties agreed to loan modification, as the

Supreme Court lacked authority to force US Bank to agree to modify the mortgage note (*see Wells Fargo Bank, N.A. v Meyers*, 108 AD3d at 20; *Flagstar Bank, FSB v Walker*, 112 AD3d at 886). Rather, the court should have directed cancellation of interest accrued between June 2010 and the date on which settlement negotiations recommence (*see Wells Fargo Bank, N.A. v Meyers*, 108 AD3d at 20; *Norwest Bank Minn., NA v E.M.V. Realty Corp.*, 94 AD3d at 837; *Dayan v York*, 51 AD3d at 965-966; *Preferred Group of Manhattan, Inc. v Fabius Maximus, Inc.*, 51 AD3d 889, 890 [2008]; *Danielowich v PBL Dev.*, 292 AD2d at 415).

Further, the Supreme Court erred in barring US Bank from charging Williams an attorney's fee and costs incurred as a result of the action, as that provision of the order constituted an improper attempt to rewrite the mortgage note. Instead, upon its finding that the Referee's report was supported by the record, that sanctions were appropriate, and, in effect, that US Bank still was obligated pursuant to CPLR 3408 (f) to negotiate in good faith, the court should have barred US Bank from charging Williams an attorney's fee and costs incurred between the date of the initial settlement conference and the date on which settlement negotiations recommence (*see Norwest Bank Minn., NA v E.M.V. Realty Corp.*, 94 AD3d at 837; *Dayan v York*, 51 AD3d at 965-966; *Preferred Group of Manhattan, Inc. v Fabius Maximus, Inc.*, 51 AD3d at 890; *Danielowich v PBL Dev.*, 292 AD2d at 415).

US Bank's remaining contentions are without merit. Skelos, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.