U.S. Bank National Association, as Trustee for CSAB Mortgage-Backed Pass-Through Certificates, Series 2006-3, 3476 Stateview Boulevard, Ft. Mill, SC 29715, Appellant, v Donnette Smith, Respondent, et al., Defendants. [999 NYS2d 468]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Solomon J.), dated July 5, 2013, as, after settlement conferences pursuant to CPLR 3408, granted that

branch of the motion of the defendant Donnette Smith which was to impose a sanction upon it for its failure to negotiate in good faith pursuant to CPLR 3408 (f), and barred it from collecting interest on the subject mortgage loan for the period between October 5, 2012, and July 5, 2013.

Ordered that the order is affirmed insofar as appealed from, with costs.

In August 2006, the defendant Donnette Smith executed a note secured by a mortgage against her residential property located in Brooklyn. Smith defaulted in payment on the note in September 2009. On December 16, 2009, Smith entered into a forbearance agreement with the loan servicer whereby it was agreed that Smith would make four reduced payments and the note would thereafter "be reviewed for a loan modification." Smith tendered the first payment under this agreement. Nevertheless, on January 4, 2010, less than one month after the forbearance agreement was executed, the plaintiff commenced this action to foreclose on Smith's property. The plaintiff failed to file a request for judicial intervention (hereinafter RJI) when it filed proof of service of the summons and complaint (*see* 22 NYCRR 202.12 [a]), and thus, no settlement conference was scheduled (*see* CPLR 3408 [a]). Accordingly, on September 22, 2010, counsel for Smith, and not the plaintiff, filed an RJI, and from March 2011 through March 2012, the plaintiff and Smith participated in seven settlement conferences pursuant to CPLR 3408.

Thereafter, upon Smith's request, the action was moved from the foreclosure settlement conference part to the trial part. By order to show cause dated September 25, 2012, Smith moved, inter alia, to impose a sanction upon the plaintiff pursuant to CPLR 3408 (f) based upon the plaintiff's alleged failure to negotiate in good faith. By order dated October 5, 2012, the Supreme Court adjourned Smith's motion, returned the matter to the foreclosure settlement conference part for October 25, 2012, and directed the plaintiff to produce, inter alia, "any documentation showing that attempts were made to obtain a waiver of the investor guidelines and restrictions." In addition, the court directed that a toll of the accrual of interest on the subject mortgage loan originally imposed by the order to show cause dated September 25, 2012, was to continue pending further order of the court, or the parties reaching a modification agreement.

Following the parties' appearance in the foreclosure settlement conference part on October 25, 2012, the referee issued a report dated November 28, 2012. In her report, the referee noted

that the plaintiff had asserted that the loan was assigned to a pool of mortgages governed by a pooling and servicing agreement (hereinafter PSA) which contained investor restrictions prohibiting the reduction of the interest rate on the loan. The referee also stated that the plaintiff had failed to produce evidence that it attempted to obtain a waiver of the subject investor restrictions despite the fact it was directed to produce such evidence at each of the prior seven settlement conferences. Thus, the referee concluded that the plaintiff failed to negotiate in good faith, and she referred the matter back to the trial part for a determination of Smith's motion.

By order dated July 5, 2013, the Supreme Court, inter alia, granted that branch of Smith's motion which was to impose a sanction upon the plaintiff pursuant to CPLR 3408 (f). Specifically, the court determined that the plaintiff had failed to comply with the requirement to negotiate in good faith set forth in CPLR 3408 (f), and barred it from collecting interest on the loan for the period between October 5, 2012, and July 5, 2013.

Pursuant to CPLR 3408 (f), the parties at a mandatory foreclosure settlement conference are required to negotiate in good faith to reach a mutually agreeable resolution (*see* CPLR 3408 [f]; *Wells Fargo Bank, N.A. v Meyers*, 108 AD3d 9, 11 [2013]). " 'The purpose of the good faith requirement [in CPLR 3408] is to ensure that both plaintiff and defendant are prepared to participate in a meaningful effort at the settlement conference to reach resolution' " (*US Bank N.A. v Sarmiento*, 121 AD3d 187, 200 [2014], quoting Governor's Program Bill Mem No. 46R, Bill Jacket, L 2009, ch 507 at 11). To conclude that a party failed to negotiate in good faith pursuant to CPLR 3408 (f), a court must determine that "the totality of the circumstances demonstrates that the party's conduct did not constitute a meaningful effort at reaching a resolution" (*US Bank N.A. v Sarmiento*, 121 AD3d at 203).

Here, the totality of the circumstances supports the referee's finding that the plaintiff failed to negotiate in good faith. The referee's finding was based, in part, upon the plaintiff's failure to follow guidelines pursuant to the federal Home Affordable Mortgage Program (hereinafter HAMP). The applicable guidelines required the plaintiff, as a lender participating in HAMP, to attempt to obtain a waiver of an investor prohibition or restriction in lowering the interest rate and to keep such evidence in the loan file (*see* U.S. Department of Treasury, Making Home Affordable Program, *Handbook for Servicers of Non-GSE Mortgages*, ch 2, § 6.5 at 99 [Version 4.0, Aug. 17, 2012]). However, despite repeated requests by the referee to produce evidence

that the plaintiff attempted to obtain a waiver of the investor's restrictions in the PSA, the plaintiff failed to do so for more than one year. Therefore, the plaintiff failed to demonstrate that it followed HAMP regulations and guidelines, which, as several trial courts have concluded, constitutes a failure to negotiate in good faith pursuant to CPLR 3408 (f) (*see e.g. U.S. Bank, N.A. v Rodriguez*, 41 Misc 3d 656, 664 [Sup Ct, Bronx County 2013]; *Flagstar Bank, FSB v Walker*, 37 Misc 3d 312, 316 [Sup Ct, Kings County 2012], *revd on other grounds* 112 AD3d 885 [2013]). Accordingly, the Supreme Court properly concluded that the plaintiff violated CPLR 3408 (f) by failing to negotiate in good faith (*see US Bank N.A. v Sarmiento*, 121 AD3d 187 [2014]; *Wells Fargo Bank, N.A. v Meyers*, 108 AD3d at 17; *Bank of Am., N.A. v Rausher*, 43 Misc 3d 488, 492 [2014]).

Courts are authorized to impose sanctions for violations of CPLR 3408 (f) (*see US Bank N.A. v Sarmiento*, 121 AD3d 187 [2014]). However, "CPLR 3408 (f) does not set forth any specific remedy for a party's failure to negotiate in good faith" (*Wells Fargo Bank, N.A. v Meyers*, 108 AD3d at 19). In such absence, "courts have resorted to a variety of alternatives in an effort to enforce the statutory mandate to negotiate in good faith" (*id.* at 20). The sanction imposed in this case, to wit, barring the plaintiff from collecting interest on the mortgage loan for the period between October 5, 2012, and July 5, 2013, was a provident exercise of the Supreme Court's discretion (*see US Bank N.A. v Williams*, 121 AD3d 1098 [2014]; *see generally Norwest Bank Minn., NA v E.M.V. Realty Corp.*, 94 AD3d 835, 837 [2012]; *Deutsche Bank Trust Co., Ams. v Stathakis*, 90 AD3d 983, 984 [2011]; *Preferred Group of Manhattan, Inc. v Fabius Maximus, Inc.*, 51 AD3d 889, 890 [2008]).

The plaintiff's remaining contention is without merit. Chambers, J.P., Sgroi, Miller and Barros, JJ., concur.