U.S. BANK NATIONAL ASSOCIATION, as Trustee for CITI-GROUP ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-FX1, Appellant, v VLADIMIRA ZEMBOVA, Also Known as VLADIMIRA PALOMEQUE, et al., Respondents, et al., Defendant. [27 NYS3d 611]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), dated January 31, 2014, as, upon granting its motion, inter alia, (a) to vacate orders of the same court dated October 30, 2009 and December 9, 2010, (b) for summary judgment on the complaint, and (c) for an order of reference, sua sponte barred it from collecting interest on the subject mortgage loan from December 9, 2010 to January 31, 2014.

Ordered that on the Court's own motion, the notice of appeal is deemed an application for leave to appeal from so much of the order as, sua sponte, barred the plaintiff from collecting interest on the subject mortgage loan from December 9, 2010 to January 31, 2014, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In April 2009, the plaintiff commenced this action to foreclose on the residential mortgage of the defendant Vladimira Zembova, also known as Vladimira Palomeque (hereinafter the defendant). Following receipt of the defendant's answer, the plaintiff moved for summary judgment on the complaint and an order of reference. The Supreme Court granted the motion in an order dated October 30, 2009. Thereafter, in an order dated December 9, 2010, the court granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale.

In October 2013, the plaintiff moved to vacate the orders dated October 30, 2009 and December 9, 2010, and for a new order, inter alia, granting summary judgment on the complaint and an order of reference. In his supporting affirmation, the plaintiff's attorney stated that in preparing to comply with Administrative Order AO/431/11 of the Chief Administrative Judge, his "firm was notified by its client that there may have been irregularities with regard to the Affidavit of Merit and Amount Due previously submitted to Court with Plaintiff's Motion for Summary Judgment and Judgement of Foreclosure and Sale." In an order dated January 31, 2014, the Supreme Court granted the plaintiff's motion, and, sua sponte, appended language directing that "the computation of the amounts owed shall not include interest for the period of the prior [December 9, 2010,] order and the granting of this order." The plaintiff appeals from that portion of the order which sua sponte barred it from collecting interest on the subject mortgage loan from December 9, 2010 to January 31, 2014.

"In an action of an equitable nature, the recovery of interest is within the court's discretion. The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party" (*Dayan v York*, 51 AD3d 964, 965 [2008] [citations omitted]; *see* CPLR 5001 [a]).

The Supreme Court erred in, sua sponte, barring the plaintiff from collecting certain interest on the subject mortgage loan, since the plaintiff was not given notice that the court was considering limiting such interest, thereby depriving the plaintiff of its right to due process (*see PHH Mtge. Corp. v Hepburn*, 128 AD3d 659 [2015]; *Bank of N.Y. v Castillo*, 120 AD3d 598 [2014]; *Bank of Am., N.A. v Lucido*, 114 AD3d 714, 715 [2014]; *Matter of Griffin v Panzarin*, 305 AD2d 601 [2003]). In any event, the court improvidently exercised its discretion in determining that the plaintiff engaged in conduct warranting the limitation of interest (*cf. US Bank N.A. v Williams*, 121 AD3d 1098 [2014]; *Norwest Bank Minn., NA v E.M.V. Realty Corp.*, 94 AD3d 835 [2012]; *Deutsche Bank Trust Co., Ams. v Stathakis*, 90 AD3d 983 [2011]; *Dayan v York*, 51 AD3d at 965-966). Chambers, J.P., Austin, Sgroi and Duffy, JJ., concur.