■ PROMPT MORTGAGE PROVIDERS OF NORTH AMERICA, LLC, et al., Respondents, v SIMON ZAROUR, Appellant, et al., Defendants. [50 NYS3d 79]—

In an action to foreclose a mortgage, the defendant Simon Zarour appeals, as limited by his brief, from so much of a judgment of foreclosure and sale of the Supreme Court, Rockland County (Walsh II, J.), dated July 20, 2015, as, upon so much of an order of the same court dated October 29, 2014, as granted that branch of the plaintiffs' motion which was for summary judgment on the complaint and denied that branch of his cross motion which was to extend the time for discovery, and upon the plaintiffs' application, in effect, to confirm a referee's report and for leave to enter a judgment of foreclosure and sale, confirmed the report and adopted the referee's computation of the amount owed.

Ordered that the judgment of foreclosure and sale is affirmed insofar as appealed from, with costs.

The plaintiffs, Prompt Mortgage Providers of North America, LLC (hereinafter Prompt), a privately-owned provider of commercial mortgage loans, and Louis Galpern, a member of Prompt, commenced this action to foreclose a construction mortgage in the sum of $350,000 against property owned by the defendant Simon Zarour (hereinafter the defendant), located in Rockland County. The defendant executed the construction mortgage, the note it secured, and other related documents on April 29, 2008, the same day that he executed another set of documents regarding a loan in the sum of $650,000, secured by a mortgage against property he owned in Monmouth County, New Jersey.

The plaintiffs moved, inter alia, for summary judgment on the complaint. The defendant opposed the motion, and crossmoved, among other things, to extend the time for discovery. In an order dated October 29, 2014, the Supreme Court granted that branch of the motion and denied that branch of the cross motion. Thereafter, upon the plaintiffs' application, in effect, to confirm a referee's report and for leave to enter a judgment of

foreclosure and sale, the court entered a judgment of foreclosure and sale which, inter alia, confirmed the report and adopted the referee's computation of the amount owed.

The plaintiffs established their prima facie entitlement to judgment as a matter of law on the complaint by producing the construction mortgage, the unpaid note, and proof of the defendant's default (*see Baron Assoc., LLC v Garcia Group Enters., Inc.*, 96 AD3d 793, 793 [2012]; *Wells Fargo Bank, N.A. v Cohen*, 80 AD3d 753, 755 [2011]; *Argent Mtge. Co., LLC v Mentesana*, 79 AD3d 1079, 1080 [2010]).

The defendant's submissions in opposition were insufficient to demonstrate the existence of a triable issue of fact as to a bona fide defense to the action (*see Baron Assoc., LLC v Garcia Group Enters., Inc.*, 96 AD3d at 793). The defendant submitted two affirmations in which he alleged that the plaintiffs tricked him into unwittingly signing the construction mortgage, the note it secured, and the related documents. The defendant alleged that, at the closing, which he attended with an attorney, he was handed three sets of documents, and neither he nor his attorney was given the opportunity to review those documents. He alleged that he signed the documents without reviewing them, at the insistence of Galpern and Galpern's attorney, because he regarded Galpern "almost like a father figure," and, in his mind, the closing "was more like a family transaction than a closing." The defendant further alleged that the note secured by the construction mortgage was never funded.

"A party who executes a contract is presumed to know its contents and to assent to them" (*Nerey v Greenpoint Mtge. Funding, Inc.*, 144 AD3d 646, 648 [2016] [internal quotation marks omitted]; *see Golden Stone Trading, Inc. v Wayne Electro Sys., Inc.*, 67 AD3d 731, 732 [2009]; *Holcomb v TWR Express, Inc.*, 11 AD3d 513, 514 [2004]; *Moon Choung v Allstate Ins. Co.*, 283 AD2d 468, 468 [2001]). Thus, "[a] party who signs a document without any valid excuse for having failed to read it is conclusively bound by its terms" (*Shklovskiy v Khan*, 273 AD2d 371, 372 [2000]), "unless there is a showing of fraud, duress, or some other wrongful act on the part of any party to the contract" (*Renee Knitwear Corp. v ADT Sec. Sys., Northeast*, 277 AD2d 215, 216 [2000]; *see Barclays Bank of N.Y. v Sokol*, 128 AD2d 492, 493 [1987]). "The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages" (*JP Morgan Chase Bank, N.A. v Hall*, 122 AD3d 576, 579 [2014] [internal quotation marks omitted]; *see*

*Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]; *House of Spices [India], Inc. v SMJ Servs., Inc.*, 103 AD3d 848, 850 [2013]; *Introna v Huntington Learning Ctrs., Inc.*, 78 AD3d 896, 898 [2010]). Here, the defendant failed to establish the element of justifiable reliance on alleged misrepresentations of Galpern and Galpern's attorney, since the documents were provided to him, and he and his attorney could have read them. Nor has the defendant established any other valid excuse for his purported failure to read the construction mortgage and related documents before signing them.

The defendant's submissions in opposition to the motion for summary judgment also failed to raise a triable issue of fact as to whether the note secured by the construction mortgage was funded. The defendant did not submit any evidence in support of his averment that the $650,000 that he admittedly received was not intended to include the funds loaned pursuant to the $350,000 note secured by the construction mortgage. Further, the defendant failed to raise a triable issue of fact concerning alleged violations of Banking Law §§ 590 and 6-l. Since construction mortgages are exempt from the requirements of article 12-D of the Banking Law (*see* 3 NYCRR 39.5 [b]), Banking Law § 590, which is contained in article 12-D, and which requires entities engaged in the business of making mortgage loans to be licensed by New York State, does not apply to the subject construction mortgage. Banking Law § 6-l, which "imposes limitations and prohibits certain 'practices for high-cost home loans'" (*Aries Fin., LLC v 12005 142nd St., LLC*, 127 AD3d 900, 901 [2015], quoting Banking Law § 6-l [2]; *see Lewis v Wells Fargo Bank, N.A.*, 134 AD3d 777, 778 [2015]), defines "home loan" as, among other things, a loan that is "secured by a mortgage or deed of trust on real estate improved by a one to four family dwelling" (Banking Law § 6-l [1] [e] [iv]). Here, it is undisputed that the real estate at issue was unimproved by any structure; indeed, the proceeds of the construction mortgage were to be used to improve the land by constructing a one- or two-family residence. Accordingly, the construction mortgage was not the type of loan, i.e., a home loan, to which Banking Law § 6-l applies.

The Supreme Court did not improvidently exercise its discretion in adopting the referee's computation of the amount owed by the defendant. "In an action of an equitable nature, the recovery of interest is within the court's discretion. The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party" (*US Bank N.A. v Williams*, 121 AD3d 1098, 1102 [2014] [internal

quotation marks omitted]; *see* CPLR 5001 [a]; *U.S. Bank N.A. v Zembova*, 137 AD3d 1010, 1011 [2016]; *Norwest Bank Minn., NA v E.M.V. Realty Corp.*, 94 AD3d 835, 837 [2012]; *Dayan v York*, 51 AD3d 964, 965 [2008]; *Danielowich v PBL Dev.*, 292 AD2d 414, 415 [2002]). Contrary to the defendant's contention, the conduct of the plaintiffs in this action was not so egregious as to merit the imposition of sanctions against them, in the form of limiting the interest awarded to them or otherwise (*see Bank of Am., N.A. v Lucido*, 114 AD3d 714, 715 [2014]). Moreover, the referee properly included in the calculation of the amount owed a sum the plaintiffs advanced to Rockland County in payment of delinquent real estate taxes owed on the subject property. Contrary to the defendant's contention, there is no evidence in the record that he had a payment plan with the Rockland County Commissioner of Finance to pay off the debt at the time the payment was advanced.

The defendant's remaining contentions are without merit. Dillon, J.P., Roman, Hinds-Radix and Barros, JJ., concur.