People's United Bank, successor by merger with Bank of Smithtown, Plaintiff,

against
Patio Gardens III, LLC, John Blaney, Bruce Barnet, and George Heinlein, Defendants.


8058-12

JEFFREY B. HULSE, ESQ.
Attorney for Plaintiff
295 North Country Road
Sound Beach, New York 11789
THE LAW FIRM OF ELIAS C. SCHWARTZ, PLLC
Attorneys for Defendant Patio Gardens III, LLC
343 Great Neck Road
Great Neck, New York 11021


Elizabeth H. Emerson, J.

Upon the following papers numbered 1-41 read on this motion to toll interest ; Notice of Motion and supporting papers 1-11 ; Notice of Cross Motion and supporting papers; Answering Affidavits and supporting papers12-32 ; Replying Affidavits and supporting papers33-41 ; it is,
ORDERED that this motion by the defendant Patio Gardens III, LLC, for an order tolling the accrual of interest in this action from July 14, 2015, until the entry of an amended judgment of foreclosure and sale is denied.
The prior history of this action is found in this court's order dated July 14, 2015, and will not be repeated here. That order granted the plaintiff's motion for a judgment of foreclosure and [*2]sale and awarded the plaintiff attorney's fees in the combined amount of $75,000 for the two parcels that are the subject of this action. After entry of the judgment, the defendant Patio Gardens III, LLC ("Patio Gardens"), moved for reargument on the issue of attorney's fees, and the referee noticed a sale of the property for December 2, 2015. The sale was adjourned pursuant to a so-ordered stipulation dated December 1, 2015. By an order dated March 2, 2016, this court granted Patio Gardens' motion for reargument and adhered to its prior determination on the issue of attorney's fees. Patio Gardens appealed. A second sale of the property was noticed for May 16, 2016. By an order to show cause dated May 6, 2016, Patio Gardens sought to stay the second sale. By a letter of the same date, Patio Gardens also sought a pay-off amount from the plaintiff for one of the parcels. Pursuant to a so-ordered stipulation dated May 6, 2016, the parties agreed to adjourn the sale of the property to a date not less than 21 days after May 16, 2016. On May 17, 2017, a third sale of the property was noticed for June 8, 2016. On the day of the sale, the plaintiff provided Patio Gardens with the previously requested payoff amount, and the sale was adjourned. On June 9, 2016, a fourth sale of the property was noticed for June 27, 2016. On June 22, 2016, Patio Gardens obtained a temporary restraining order from the Appellate Division staying the sale. By a decision and order of the Appellate Division dated July 19, 2016, Patio Gardens' motion to stay the sale pending hearing and determination of the appeal was granted.
By a subsequent decision and order dated October 5, 2016, the Appellate Division reversed and remitted the matter to this court for a new determination on the issue of attorney's fees. The Appellate Division made the following findings:
"Here, the affidavit of services rendered submitted by the plaintiff fails to set forth counsel's experience, ability, and reputation, and fails to detail the prevailing hourly rate for similar legal work in the community [citation omitted]. Moreover, the plaintiff failed to show which fees relate to work on which of the two parcels that was foreclosed upon and which, if any fees relate to work on both of the parcels. Absent such a showing, the plaintiff cannot establish that the attorney's fees are 'reasonable and warranted for services actually rendered' for each of the parcels foreclosed upon [citations omitted]. If fees are awarded under the terms of the attorney's fees contract provision regarding one parcel for legal work related to the foreclosure of the second parcel, such fees would be neither reasonable nor warranted. Notably, neither of the contracts contain cross collateralization."
On December 15, 2016, plaintiff's counsel sent an e-mail to Patio Gardens' counsel advising her that the plaintiff was willing to waive attorney's fees in this action, that the plaintiff intended to seek an amended judgment to that effect, and asking her to stipulate thereto. Patio Gardens' counsel responded by offering to settle. In an e-mail on February 7, 2017, plaintiff's counsel advised Patio Gardens' counsel, "There is no settlement," and again asked her to stipulate to an amended judgment without attorney's fees. Patio Gardens' counsel did not respond. Plaintiff's counsel then drafted and served a motion to amend the judgment to vacate the award of attorney's fees. Before that motion was filed with the court, Patio Gardens sought an adjournment thereof in order to make a cross motion for the relief requested herein. The plaintiff would not consent to an adjournment, and the plaintiff's motion was adjourned by the court to April 13, 2017, at Patio Gardens' request. The plaintiff, however, never filed its motion and withdrew the offer to waive attorney's fees. Patio Gardens now moves for an order tolling the [*3]accrual of interest from July 14, 2015, the date of the judgment of foreclosure and sale, until the entry of an amended judgment of foreclosure and sale.
In support thereof, Patio Gardens contends that all of the delay that has occurred since July 14, 2015, is attributable to the plaintiff. Patio Gardens contends that the plaintiff erroneously failed to apportioned its legal fees between the two parcels that are the subject of this action. Patio Gardens contends that it expeditiously pursued its rights, moving for reargument and appealing, while the plaintiff dragged out the proceedings even though it knew that interest was accruing at an alarmingly high rate. Patio Gardens contends that interest in the amount of approximately $530,000 has accrued since July 14, 2015, which is seven times the $75,000 in attorney's fees awarded by the court. Patio Gardens contends that it would be inequitable and unconscionable to reward the plaintiff for its legally unsupported and bad-faith pursuit of attorney's fees.
In opposition, the plaintiff contends that there were no unusual delays in the prosecution of this action and that any delays which did occur were the result of Patio Gardens' litigation strategy, motions, and appeal. The plaintiff contends that it did not engage in any wrongful conduct and the fact that Patio Gardens prevailed on appeal, without more, does not justify the court's exercising its equitable powers to deprive the plaintiff of accrued interest on the judgment.
In reply, Patio Gardens contends that all of the delay was due to the plaintiff's wrongful conduct. Patio Gardens contends that the first two sales were adjourned because they were not properly noticed and that the third sale was adjourned because the plaintiff failed to provide it with a payoff amount for one of the parcels prior to the sale. Moreover, the payoff amount did not apportion the legal fees between the two parcels and required Patio Gardens to pay the entire $75,000 in dispute. Patio Gardens contends that the plaintiff caused further delay by rejecting or not considering its offers to settle and by not obtaining an amended judgment of foreclosure and sale in a timely manner.
A foreclosure action is equitable in nature and triggers the equitable powers of the court (US Bank N.A. v Williams, 121 AD3d 1098, 1101-1102). In an equitable action, the recovery of interest is within the court's discretion (CPLR 5001 [a]). The exercise of that discretion is governed by the particular facts in each case, including any wrongful conduct by either party (US Bank N.A. v Williams, supra at 1102).
The record reflects that, contrary to its contentions, Patio Gardens sought to stay the first sale because it was not served with the notice of sale and for the court to determine its motion for reargument prior to the sale.
Patio Gardens contends that it sought a stay of the second sale because it was short-noticed. Patio Gardens contends that the plaintiff's notice on May 2, 2016, was a mere 14 days prior to the sale on May 16, 2006.[FN1]
Absent prejudice to a substantial right of a party, mere irregularities in the conduct of a judicial sale of real property will be overlooked (Winter & Loeb, Practice Commentaries, McKinney's Cons Laws of NY, Real Property Law § 231 at 32-33). The court finds that Patio Gardens was not adversely affected by the purported short notice [*4]since it received the notice in ample time to obtain a stay of the second sale.
Patio Gardens contends that the third sale was adjourned because the plaintiff did not provide the requested payoff amount until the day of the sale. Patio Gardens also contends that the payoff amount did not apportion the legal fees between the two parcels and required it to pay the entire $75,000 in dispute to redeem only one parcel.
Patio Gardens' filing of a notice of appeal did not result in an automatic stay of enforcement of the judgment of foreclosure and sale (see, CPLR 5519 [a]; Matter of State Farm Mut. Auto. Ins. Co v Pridhodko, 31 AD3d 775). A final judgment or order is a valid and conclusive adjudication of the parties' substantive rights until overturned on appeal and is fully enforceable in the absence of a judicial stay (Meier v Meier, 153 Misc 2d 72, 73, citing Da Silva v Musso, 76 NY2d 436). Upon reversal, restitution of property or rights lost by the judgment or order may be directed by the appellate court or the lower court (Id.). 
The record reflects that a payoff statement was provided to Patio Gardens on June 8, 2016. However, Patio Gardens did not obtain a stay of the judgment of foreclosure and sale until June 22, 2016. Since there was no stay in effect on June 8, 2016, the plaintiff properly included the entire $75,000 in legal fees awarded by this court in the payoff amount. If paid by Patio Gardens, the $75,000, or some portion thereof, could have been restored to it after the Appellate Division's reversal. Alternatively, the sale could have gone forward and the $75,000 placed in escrow pending the Appellate Division's determination of the appeal.
Patio Gardens contends that the plaintiff's bad faith is evidenced by its refusal to accept any settlement offers, including an offer by an investor to buy the loans for $2.55 million in March 2016, and by its refusal to make any counter-offers. The record reflects that Patio Gardens owed the plaintiff more than $3 million as of April 1, 2014. In March 2016, two years later, that amount would have grown to approximately $4 million. It is well-settled that, once a mortgagor defaults on loan payments, the mortgagee is not required to accept anything less than full repayment as demanded (EMC Mortgage Corp. v Stewart, 2 AD3d 772, 773; see also, Carver Federal Sav. Bank v Redeemed Christian Church of God, Intl. Chapel HHH Parish, Long Is., NY, Inc., 35 Misc 3d 1228[A] at *3 [and cases cited therein]). The $2.55 million offer, which was the best offer, was substantially less than what Patio Gardens owed the plaintiff. The plaintiff was not required to accept such an offer. Moreover, the plaintiff was not required to offer Patio Gardens a settlement, and the plaintiff's failure to accept the exact offer desired by Patio Gardens cannot be interpreted as a lack of good faith (cf. Wells Fargo Bank, N.A. v Van Dyke, 101 AD3d 638).
Contrary to Patio Gardens' contentions, the plaintiff sought to obtain an amended judgment of foreclosure and sale in a timely manner. The record reflects that the plaintiff offered to waive its attorney's fees in December 2016, only two months after the Appellate Division handed down its decision. Patio Gardens responded by offering to settle. As previously discussed, the plaintiff's failure to accept Patio Gardens' settlement offer cannot be interpreted as a lack of good faith (Id.). When it became clear that Patio Gardens would not agree to waive the attorney's fees, the plaintiff withdrew the offer. Although the plaintiff caused some confusion by serving, but not filing, a motion to amend the judgment to vacate the award of attorney's fees, it did not cause any delay. The record reflects that Patio Gardens made the instant motion on April 5, 2017, before the April 13, 2017, adjourned date of the plaintiff's motion. The court finds that, [*5]under these circumstances, any delay in obtaining an amended judgment of foreclosure and sale after the Appellate Division's reversal was not solely attributable to the plaintiff. Rather, it was attributable to the parties' failure to reach an agreement on the issue of waiving the attorney's fees.
The movant has the burden of presenting facts sufficient to warrant the relief requested (Koslow v Fine, 21 Misc 2d 642, 643 [Sup Ct, NY County, Spec Term]. The court finds that, Patio Gardens has failed to meet its burden of establishing that the conduct of the plaintiff in this action was so egregious as to merit the imposition of sanctions against it in the form of limiting the interest awarded (Prompt Mtge. Providers of N.Am., LLC v Zaroni, 148 AD3d 849, 852). Accordingly, the motion is denied. 
Dated: July 6, 2017
Hon. Elizabeth H. Emerson
J.S.C.



Footnotes

Footnote 1:The record reflects that the plaintiff mailed a copy of the notice of sale to Patio Gardens on April 27, 2016.