U.S. Bank N.A. v Beymer (2021 NY Slip Op 00048)





U.S. Bank N.A. v Beymer


2021 NY Slip Op 00048


Decided on January 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 05, 2021

Before: Webber, J.P., Singh, Kennedy, Shulman, JJ. 


Index No. 850260/18 Appeal No. 12790 Case No. 2020-02981 

[*1]U.S. Bank National Association, etc., Plaintiff-Respondent,
v
John M. Beymer, Also Known as John Beymer, et al., Defendants-Appellants, Board of Managers of 50 Pine Street Condominium et al., Defendants.


Sanders Gutman & Brodie, P.C., Hartsdale (Jordan Brodie of counsel), for appellants.
Parker Ibrahim & Berg LLP, New York (Brian A. Turetsky of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered December 20, 2019, which, inter alia, granted plaintiff's motion for summary judgment and denied defendants' cross motion to dismiss the complaint, unanimously affirmed, without costs.
Plaintiff established prima facie that it was entitled to foreclose on the mortgage. It attached the indorsed note, mortgage, assignment of mortgage and proof of the default through the affidavit of a mortgage loan servicer employee with personal knowledge (see Bank of N.Y. Mellon v Knowles, 151 AD3d 596 [1st Dept 2017]; see also Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361 [2015]).
Plaintiff demonstrated its compliance with the notice requirements of RPAPL 1304 by submitting copies of the notices with an affidavit by the loan servicer's employee stating, based on her review of the loan servicer's records, the notice of default and 90-day foreclosure notice were mailed to defendant in accordance with the provisions of the mortgage and RPAPL (see Deutsche Bank Natl. Trust Co. v Al Rasheed, 169 AD3d 532 [1st Dept 2019]).
In "an action of an equitable nature, the recovery of interest is within the court's discretion. The exercise of that discretion will be governed by particular facts in each case," including wrongful conduct by either party (South Shore Fed. Sav. & Loan Assn. v Shore Club Holding Corp., 54 AD2d 978, 978 [2d Dept 1976] [internal quotation marks and ellipsis omitted]). Here, the motion court providently exercised its discretion in declining to limit interest, as there is no indication that plaintiff engaged in any wrongful conduct that would warrant such action (see U.S. Bank Nat. Assn. v Zembova, 137 AD3d 1010, 1011 [2d Dept 2016]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2021