■ EMIGRANT MORTGAGE COMPANY, INC., Appellant, v DORIS M. FISHER et al., Respondents, et al., Defendants. [935 NYS2d 313]—

The defendants Doris M. Fisher and Rochone D. Fisher (hereinafter together the defendants) defaulted on their consolidated mortgage loan. In June 2009 the plaintiff, the holder of the note and mortgage, commenced this action, inter alia, to foreclose the mortgage. The defendants were served with the summons and complaint, and failed to answer, appear, or move for any relief. In October 2009 the plaintiff moved, among other things, pursuant to RPAPL 1321 for an order of reference. On October 21, 2009, the defendants were served with the motion papers by regular mail. They failed to either oppose the motion or cross-move for any relief. On December 10, 2010, the Supreme Court denied that branch of the plaintiff's motion which was for an order of reference and, sua sponte, directed the defendants to make reduced monthly mortgage payments, effective January 1, 2011, to submit proof of "excessive medical bills" to the plaintiff, to increase the monthly mortgage payments once a "medical condition" at issue "improves" and, thereupon, to "make additional payments to cover the difference between . . . [the amounts] due, and the actual [reduced] payments made." The plaintiff appeals. We reverse.

"Generally, a court may, in its discretion, 'grant relief that is warranted by the facts plainly appearing on the papers on both sides, if the relief granted is not too dramatically unlike the relief sought, the proof offered supports it, and there is no prejudice to any party' " (*Clair v Fitzgerald*, 63 AD3d 979, 980 [2009], quoting *Frankel v Stavsky*, 40 AD3d 918, 918-919 [2007]; *see Matter of Myers v Markey*, 74 AD3d 1344, 1345 [2010]). However, " 'stability of contract obligations must not be undermined by judicial sympathy' " (*First Natl. Stores v Yellowstone Shopping Ctr.*, 21 NY2d 630, 638 [1968], quoting *Graf v Hope Bldg. Corp.*, 254 NY 1, 4-5 [1930]).

Here, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which was for an order of reference and in making certain directives sua sponte. The defendants failed to oppose the motion, which was supported by documentary proof showing, among other things, that the plaintiff was the holder of the note and mortgage, that the defendants defaulted thereon, and that, as a preliminary step in obtaining a judgment of foreclosure, the appointment of a referee to compute the amount due on the mortgage would be proper (*see* RPAPL 1321; *Home Sav. of Am., F.A. v Gkanios*, 230 AD2d 770, 771 [1996]). In addition, the relief granted by the

Supreme Court, sua sponte, exceeded the scope of its authority in deciding the motion (*see U.S. Bank, N.A. v Emmanuel*, 83 AD3d 1047, 1048 [2011]; *IndyMac Bank, F.S.B. v Yano-Horoski*, 78 AD3d 895, 896 [2010]; *HSBC Bank USA, N.A. v Valentin*, 72 AD3d 1027, 1029 [2010]; *Kay Found. v S & F Towing Serv. of Staten Is., Inc.*, 31 AD3d 499, 501-502 [2006]).

Accordingly, that branch of the plaintiff's motion which was for an order of reference should have been granted. Dillon, J.P., Florio, Chambers and Miller, JJ., concur.