■ BANK OF NEW YORK, Appellant, v SAMEEH ALDERAZI et al., Defendants. [951 NYS2d 900]—

The Supreme Court improvidently exercised its discretion in

denying the plaintiff's renewed motion pursuant to RPAPL 1321 for an order of reference. The defendants failed to answer the complaint within the time allowed, and the plaintiff submitted, in support of its renewed motion, the mortgage, the note, the verified complaint setting forth the facts establishing the claim, and evidence of the mortgagor's default (*see Emigrant Mtge. Co., Inc. v Fisher*, 90 AD3d 823, 824 [2011]; RPAPL 1321). Under these circumstances, the Supreme Court should have granted the plaintiff's renewed motion for an order of reference.

The Supreme Court improvidently exercised its discretion in, sua sponte, directing the dismissal of the complaint. Since the defendants failed to answer the complaint and did not make pre-answer motions to dismiss the complaint, they waived the defense of lack of standing (*see CitiMortgage, Inc. v Rosenthal*, 88 AD3d 759, 761 [2011]). Moreover, a party's lack of standing does not constitute a jurisdictional defect and does not warrant a sua sponte dismissal of the complaint by the court (*see U.S. Bank, N.A. v Emmanuel*, 83 AD3d 1047, 1048-1049 [2011]). Dillon, J.P., Belen, Austin and Sgroi, JJ., concur.