Defendants failed to demonstrate that plaintiffs representative was not fully authorized to negotiate a settlement of this residential foreclosure action on plaintiffs behalf or that the negotiations that were had were a sham (see CPLR 3408). Contrary to defendants’ apparent belief, plaintiff was not required by CPLR 3408 to offer them a settlement. While the aspirational goal of CPLR 3408 negotiations is that the parties “reach a mutually agreeable resolution to help the defendant avoid losing his or her home” (CPLR 3408 [a]), the statute requires only that the parties enter into and conduct negotiations in good faith (see subd [f]). As the motion court found, there are situations in which the statutory goal is simply not financially feasible for either party. Defendant June Van Dyke, while asserting that nearly two thirds of her income was rental property, produced no lease, no affidavits by tenants, and no bank statements showing funds traceable to the rents she alleges she has been collecting for a number of years. The bank statements she submitted covered a mere three months. Under the circumstances, it was not unreasonable for plaintiff to resist using her purported rental income in its loan modification calculations. In any event, even if the rental income were used, plaintiff would be ineligible for available modifications. Contrary to defendants’ apparent contention, the mere fact that plaintiff refused to consider a reduction in principal or interest rate does not establish that it was not negotiating in good faith. Nothing in CPLR 3408 requires plaintiff to make the exact offer desired by defendants, and plaintiff’s failure to make that offer cannot be interpreted as a lack of good faith.
While it does not affect the result in this case, we reject plaintiff’s contention that compliance with the good faith requirement of CPLR 3408 is established merely by proving the *639 absence of fraud or malice on the part of the lender. Any determination of good faith must be based on the totality of the circumstances. In this regard we note that CPLR 3408 is a remedial statute.
We have considered defendants’ remaining arguments and find them unavailing. Concur — Friedman, J.P., Acosta, Renwick, Richter and Román, JJ.