In an action to foreclose a mortgage, the plaintiff appeals, by permission, from an order of the Supreme Court, Kings County (Kramer, J.), dated May 31, 2012, which, sua sponte stayed the proceedings and directed the plaintiff to re-evaluate the defendants’ mortgage loan for modification under the federal Home Affordable Modification Program. By decision and order on motion dated October 22, 2012, this Court granted that branch of the plaintiffs motion which was to stay all proceedings in the above-entitled action pending hearing and determination of the appeal.
Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
On January 22, 2009, the defendants Bevan Walker and Pamella M. Walker, also known as Pamella Walker, executed a note to borrow $548,576, and executed a mortgage against their residential property to secure the note. After the defendants defaulted, the plaintiff, the alleged current holder of the mortgage and note, commenced this action to foreclose the mortgage. After three settlement conferences, the Supreme Court, without objection, set the matter down for a hearing to *886 determine whether the plaintiff fulfilled its obligation, imposed pursuant to CPLR 3408 (f), to “negotiate in good faith to reach a mutually agreeable resolution.” At the hearing, an employee of the plaintiff testified, among other things, that he had reviewed the defendants’ mortgage loan prior to the commencement of the foreclosure action and had determined that it was ineligible for modification under the federal Home Affordable Modification Program (hereinafter HAMP) because the mortgage loan was insured by the Federal Housing Administration and did not originate prior to January 1, 2009. Following the hearing, the Supreme Court, sua sponte, directed the plaintiff to reevaluate the defendants’ mortgage loan for modification under KAMI] and stayed the proceedings until such reevaluation was completed. Subsequently, this Court granted the plaintiff’s motion for leave to appeal (see CPLR 570L [c]) and stayed all proceedings pending the hearing and determination of the appeal.
Although CPLR 3408 (f) requires parties to negotiate in good faith, “it is obvious that the parties cannot be forced to reach an agreement, CPLR 3408 does not purport to require them to, and the courts may not endeavor to force an agreement upon the parties” (Wells Fargo Bank, N.A. v Meyers, 108 AD3d 9, 20 [2013]). Here, as the plaintiff had established that the defendants’ loan was ineligible for modification under HAMf] the sua sponte relief granted by the Supreme Court was inappropriate, as it cannot be deemed a “mutually agreeable resolution” to the matter (see id. at 23; see also Emigrant Mtge. Co., Inc. v Fisher, 90 AD3d 823 [2011]). Instead, the Supreme Court should have made a determination as to whether the plaintiff satisfied its obligation pursuant to CPLR 3408 (f) to “negotiate in good faith to reach a mutually agreeable resolution” (see Wells Fargo Bank, N.A. v Meyers, 108 AD3d at 23; see also Wells Fargo Bank, N.A. v Van Dyke, 101 AD3d 638 [2012]). Accordingly, the matter must be remitted to the Supreme Court, Bangs County, for such factual finding, and, if applicable, an appropriate remedy (see Wells Fargo Bank, N.A. v Meyers, 108 AD3d at 23). Skelos, J.P, Dickerson, Cohen and Hinds-Radix, JJ., concur. [Prior Case History: 37 Misc 3d 312.]