In an action to foreclose a mortgage, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Spinner, J.), dated April 16, 2012, which, after settlement conferences pursuant to CFLR 3408, forever barred the plaintiff from “demanding, collecting or attempting to collect, directly or indirectly, any and all of the sums secured by the [instant] mortgage . . . designated or denominated as interest, attorney’s fees, legal fees, costs, disbursements or any sums other than the principal balance as well as advances for property taxes and property insurance if any, that may have accrued from the date of default up to the date of this [judgment],” fixed the amount of the debt due under the subject note and mortgage at the sum *715 of $493,219.75, and awarded the defendant John A. Lucido exemplary damages against the plaintiff in the sum of $200,000, which sum was to be applied as a credit against the principal balance of the mortgage, reducing the said principal balance to the sum of $293,219.75.
Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.
Although the Supreme Court had authority to impose a sanction or remedy in the event it determined, after a hearing, that the plaintiff had failed to negotiate in good faith in the mandatory foreclosure settlement conferences (see CPLR 3408; Wells Fargo Bank, N.A. v Meyers, 108 AD3d 9, 11 [2013]), it lacked authority to include such a provision in the judgment in the absence of any application for that relief (see Emigrant Mtge. Co., Inc. v Fisher, 90 AD3d 823, 824 [2011]; Putnam County Temple & Jewish Ctr., Inc. v Rhinebeck Sav. Bank, 87 AD3d 1118, 1121 [2011]; Hunter Sports Shooting Grounds, Inc. v Foley, 73 AD3d 702, 705 [2010]; Ambrosino v Village of Bronxville, 58 AD3d 649, 652 [2009]; cf. Kay Found. v S & F Towing Serv. of Staten Is., Inc., 31 AD3d 499, 501-502 [2006]). Moreover, the court’s imposition of sanctions, specifically, of exemplary damages, and the utilization of those exemplary damages to, in effect, award a reduction of the principal balance of the subject mortgage, was done without notice to the plaintiff that the court was contemplating such sanctions, and thereby deprived the plaintiff of its right to due process (see Wells Fargo Bank, N.A. v Meyers, 108 AD3d at 22-23; IndyMac Bank, F.S.B. v Yano-Horoski, 78 AD3d 895, 896 [2010]; Miller v Cruise Fantasies, Ltd., 74 AD3d 919, 920 [2010]). In any event, although we are aware of the unfortunate situation of the defendant John A. Lucido (hereinafter the respondent) here, the record reveals that the conduct of the plaintiff in this case was not so egregious as to merit the imposition of sanctions against it. Neither the plaintiffs refusal to consider a reduction in principal, nor the plaintiffs delay in producing the pooling and servicing agreement (hereinafter PSA) for the subject mortgage, establish that the plaintiff failed to negotiate in good faith. To the contrary, over the course of the settlement negotiations, counsel for the plaintiff consistently represented the unlikelihood of the plaintiffs acceptance of the respondent’s proposed reduction in principal, and any misstatement by the plaintiff’s counsel regarding the import of the provisions of the PSA did nothing to change the plaintiffs stance with respect to the respondent’s proposal. “Nothing in CPLR 3408 requires plaintiff to make the *716 exact offer desired by [the] defendant ], and [the] plaintiffs failure to make that offer cannot be interpreted as a lack of good faith” (Wells Fargo Bank, N.A. v Van Dyke, 101 AD3d 638, 638 [2012]; see Citibank, N.A. v Van Brunt Props., LLC, 95 AD3d 1158, 1159 [2012]). Rivera, J.E, Balkin, Hall and Sgroi, JJ., concur.