■ HSBC BANK USA, N.A., as Trustee on Behalf of ACE SECURITIES CORP. HOME EQUITY LOAN TRUST and for the Registered Holders of ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2007-HE4, ASSET BACKED PASS-THROUGH CERTIFICATES, Appellant, v MARIE SENE, Respondent, et al., Defendants. [994 NYS2d 352]—

In an action to foreclose a mortgage, the plaintiff appeals (1), by permission, from an order of the Supreme Court, Kings

County (Kramer, J.), dated February 28, 2012, which, sua sponte, stayed the proceedings, and (2) from an order of the same court dated June 28, 2012, which denied its motion to vacate the prior order.

Ordered that the appeal from the order dated June 28, 2012, is dismissed as academic in light of our determination on the appeal from the order dated February 28, 2012; and it is further,

Ordered that the order dated February 28, 2012, is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

On December 22, 2006, the defendant Marie Sene executed a note promising to repay a loan in the sum of $435,000, and executed a mortgage agreement encumbering her residential property to secure the note. After Sene defaulted on the payment of the note, the plaintiff, the alleged current holder of the mortgage and note, commenced this action to foreclose the mortgage. Sene did not serve an answer, but participated, along with her counsel, in settlement conferences. After 11 settlement conferences, a referee submitted a report to the Supreme Court, recommending that the matter be set down for a hearing to determine whether the plaintiff fulfilled its obligation, imposed pursuant to CPLR 3408 (f), to "negotiate in good faith to reach a mutually agreeable resolution." The referee further recommended that a hearing be conducted to determine whether the plaintiff "has the legal right to modify and/or foreclose on the subject Premises." A hearing was held, at which the plaintiff's counsel objected, unsuccessfully, to the introduction of the issue of the plaintiff's alleged lack of standing. An employee of the plaintiff's loan servicer then testified, among other things, that Sene's mortgage loan was ineligible for modification under the pooling and service agreement to which the loan was subject, and that a waiver request that had been made to the investor was denied. Following the hearing, the Supreme Court found that two conflicting versions of the assignment of the note had been submitted by the plaintiff during the hearing. The court issued an order dated February 28, 2012, which sua sponte stayed the proceedings until the matter was "cleared up to the satisfaction of [the] Court." The plaintiff moved to vacate that order, and in an order dated June 28, 2012, the Supreme Court denied the motion. Subsequently, this Court granted the plaintiff's motion for leave to appeal from the order dated February 28, 2012 (see CPLR 5701 [c]).

Under the circumstances of this case, where Sene never sought to adjourn the settlement conferences in order to move for leave to serve a late answer, and failed to raise the plaintiff's alleged lack of standing in her answer or in a pre-answer motion to dismiss the complaint, the scope of the good faith hearing was improperly expanded to include the issue of standing. Accordingly, "the sua sponte relief granted by the Supreme Court was inappropriate" (*Flagstar Bank, FSB v Walker*, 112 AD3d 885, 886 [2013]). Instead, the Supreme Court should have made a determination as to whether the plaintiff satisfied its obligation pursuant to CPLR 3408 (f) to "negotiate in good faith to reach a mutually agreeable resolution" (*see Wells Fargo Bank, N.A. v Meyers*, 108 AD3d 9 [2013]). Accordingly, the matter must be remitted to the Supreme Court, Kings County, for such factual finding (*see US Bank Natl. Assn. v Sarmiento*, 121 AD3d 187 [2d Dept 2014]), and, if applicable, an appropriate remedy (*see Flagstar Bank, FSB v Walker*, 112 AD3d at 886; *Wells Fargo Bank, N.A. v Meyers*, 108 AD3d at 23). Mastro, J.P., Chambers, Austin and Sgroi, JJ., concur.