■ PHH MORTGAGE CORPORATION, Appellant, v ANDRE HEPBURN et al., Defendants. [10 NYS3d 102]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Baynes, J.), entered July 22, 2013, which denied its motion for an order of reference and, sua sponte, determined that it failed to negotiate in good faith as required by CPLR 3408, directed it to offer a loan modification agreement to the defendant La-fleur Hepburn, also known as La fleur Hepburn, also known as Lafleur Hepburn, also known as Lafleur A. Hepburn, and stayed the action pending further court order and compliance with these mandates.

Ordered that, on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, determined that the plaintiff failed to negotiate in good faith as required by CPLR 3408, directed it to offer a loan modification to the defendant La-fleur Hepburn, also known as La fleur Hepburn, also known as Lafleur Hepburn, also known as Lafleur A. Hepburn, and stayed the action pending further court order and compliance with these mandates, is deemed to be an application for leave to appeal from those portions of the order, and leave to appeal from those portions of the order is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof denying the plaintiff's motion for an order of reference, and substituting therefor a provision granting the motion, (2) by deleting the provision thereof which, sua sponte, determined that the petitioner failed to negotiate in good faith as required by CPLR 3408, and (3) by deleting the provision thereof which, sua sponte, directed the plaintiff to offer a loan modification agreement to the defendant La-fleur Hepburn, also known as La fleur Hepburn, also known as Lafleur Hepburn, also known as Lafleur A. Hepburn; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

In August 2003, in connection with the purchase of a single-family residence in Brooklyn, the defendant Andre Hepburn (hereinafter Mr. Hepburn) executed a note in order to obtain a $183,000 loan from Fleet National Bank. The defendant Lafleur Hepburn, also known as La fleur Hepburn, also known as Lafleur Hepburn, also known as Lafleur A. Hepburn (hereinafter Ms. Hepburn), who was married to Mr. Hepburn at the time, did not sign the note. Both Mr. Hepburn and Ms. Hepburn (hereinafter together the Hepburns) executed a mortgage held by Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for Fleet National Bank, as security for the note. MERS assigned the subject note and mortgage to the plaintiff in December 2009.

In September 2010, the plaintiff commenced this action to foreclose the mortgage on the grounds that the Hepburns defaulted on the mortgage in June 2009. The Hepburns neither appeared in the action nor served an answer to the summons and complaint. In September 2011, the plaintiff moved for an order of reference. Neither Mr. Hepburn nor Ms. Hepburn opposed the motion. In the order appealed from, the Supreme Court denied the plaintiff's motion for an order of reference. The court also, sua sponte, determined that the plaintiff failed to negotiate in good faith as required by CPLR 3408, directed the plaintiff, within sixty days, to offer a loan modification to Ms. Hepburn allowing her to assume the subject mortgage, and stayed the action pending further court order and compliance with these mandates. The plaintiff appeals.

The Supreme Court should have granted the plaintiff's motion for an order of reference. In support of the motion, the plaintiff submitted documentary evidence demonstrating that the Hepburns had been properly served with the complaint and had failed to answer, that the plaintiff was the holder of the subject mortgage and note, that the Hepburns had defaulted thereon, and that, "as a preliminary step in obtaining a judgment of foreclosure, the appointment of a referee to compute the amount due on the mortgage would be proper" (*Emigrant Mtge. Co., Inc. v Fisher*, 90 AD3d 823, 824 [2011]; see *HSBC Bank USA, N.A. v Taher*, 104 AD3d 815, 816 [2013]). The Hepburns did not oppose the motion. Accordingly, the plaintiff's motion for an order of reference should have been granted.

The Supreme Court should not have, sua sponte, determined that the plaintiff failed to negotiate in good faith as required by CPLR 3408, and directed it, within sixty days, to offer a loan modification to Ms. Hepburn allowing her to assume the

subject mortgage. "It is well-settled that an action to foreclose a mortgage is equitable in nature and triggers the equitable powers of the court" (*Norstar Bank v Morabito*, 201 AD2d 545, 546 [1994]; *see US Bank N.A. v Williams*, 121 AD3d 1098, 1101-1102 [2014]). "Once equity is invoked, the court's power is as broad as equity and justice require" (*Norstar Bank v Morabito*, 201 AD2d at 546). A court "may impose a sanction sua sponte, but the party to be sanctioned must be afforded a reasonable opportunity to be heard" (*Matter of Griffin v Panzarin*, 305 AD2d 601, 603 [2003]; *see Bank of N.Y. v Castillo*, 120 AD3d 598, 600 [2014]).

Here, the only matter before the Supreme Court was the plaintiff's motion for an order of reference. Without an evidentiary hearing or notice to the parties, the Supreme Court sua sponte determined that the plaintiff had not acted in good faith in its negotiations with Ms. Hepburn at settlement conferences, which were held over a 16-month period, and thereupon denied the plaintiff's motion. Such procedure did not afford the plaintiff an opportunity to oppose the Supreme Court's finding that it had not met it obligation to negotiate in good faith as required by CPLR 3408 or to oppose the imposition of sanctions (*see Bank of N.Y. v Castillo*, 120 AD3d at 600-601). Moreover, even if sanctions for failure to negotiate in good faith were appropriate in this matter, the Supreme Court erred in directing the plaintiff to, in effect, enter into a contract with Ms. Hepburn (*see US Bank N.A. v Williams*, 121 AD3d at 1102; *Flagstar Bank, FSB v Walker*, 112 AD3d 885, 886 [2013]; *Wells Fargo Bank, N.A. v Meyers*, 108 AD3d 9, 20 [2013]). Such a sanction violates the Contract Clause of the United States Constitution (*see* US Const, art I, § 10 [1]; *Wells Fargo Bank, N.A. v Meyers*, 108 AD3d at 9).

In the exercise of our discretion, we remit this matter to the Supreme Court, Kings County, for a hearing to determine whether the plaintiff failed to negotiate in good faith as required by CPLR 3408 and for the imposition of an authorized sanction, if appropriate, thereafter (*see HSBC Bank USA, N.A. v Sene*, 121 AD3d 755, 757 [2014]). Mastro, J.P., Leventhal, Maltese and Duffy, JJ., concur.