OPINION OF THE COURT
Thomas F. Whelan, J.
Ordered that the motion (No. 002) by defendant Freytes for an order compelling defendant “JPMorgan Chase Bank to execute a subordinating agreement so that co-defendant Freytes modification can proceed” is considered under CPLR 3408 and is denied.
The plaintiff commenced this action to foreclose the lien of consolidated mortgage given by defendant Freytes to the plaintiff on December 21, 2001. On that date, the plaintiff loaned defendant Freytes the sum of $46,000 as evidenced by a mortgage note that was secured by a mortgage of the same date. Also executed on that date by Freytes and the plaintiff was a consolidation, extension and modification agreement (CEMA) whereby the lien of that $46,000 mortgage was consolidated with the lien of a prior March 19, 2001 mortgage given by defendant Freytes to the plaintiff to secure a note of the same date in the principal amount of $214,000, the terms of which were modified and extended. Pursuant thereto, a single lien in the amount of $260,000 was formed as between the parties to the CEMA, namely, the plaintiff and defendant Freytes. Also executed on December 21, 2001 was a consolidated note in favor of the plaintiff in the amount of $260,000 together with a consolidated mortgage in the same amount which reflects the total of the monies loaned by the plaintiff to defendant under the first and second notes and mortgages.
While the first mortgage of March 19, 2001 in the amount of $214,000 was recorded in the office of the Suffolk County Clerk on April 11, 2001, the second mortgage of December 21, 2001 in the amount of $260,000 and the CEMA of the same date were not recorded until March 4, 2002. Attached to the CEMA as exhibits C and D, respectively, were the December 21, 2001 *687 consolidated note and mortgage in the principal amount of $260,000 executed by defendant Freytes in favor of the plaintiff which reflected the total amounts loaned under the first loan of March 19, 2001 and second loan of December 21, 2001 in the amount of $46,000.
Shortly after the December 21, 2001 loan documents were executed, defendant Freytes borrowed $82,000 from defendant JPMorgan Chase Bank. The monies advanced were evidenced by a note dated January 14, 2002 that was secured by a mortgage of the same date. This mortgage was recorded in the office of the Suffolk County Clerk on February 13, 2002, which preceded the recording of the December 21, 2001 second mortgage in favor of the plaintiff in the amount of $46,000 and the CEMA of the same date, with the attached consolidated note and mortgage of December 21, 2001, by some 18 days.
On February 28, 2004, defendant Freytes obtained a home equity loan from Fleet National Bank in the total amount of $100,000. In exchange therefor, defendant Freytes executed an “Open-End Mortgage” in favor of Fleet to secure the credit line. That February 28, 2004 mortgage was recorded in the office of the Suffolk County Clerk on May 15, 2004.
In February of 2014, the plaintiff commenced this action to foreclose the lien of the $260,000 consolidated mortgage of December 21, 2001. The plaintiff alleges in its complaint that payment of the monthly amounts were last made on December 1, 2012 and that the principal outstanding balance became fixed at $73,136. Defendants JPMorgan Chase Bank and Fleet National Bank were described in the complaint as “subordinate lienors,” as was defendant Board of Managers of Lexington Village Condominium. All of these defendants were joined as party defendants in such capacity as their liens are facially subordinate to the plaintiffs lien and thus subject to extinguishment upon the sale of the premises. These corporate defendants failed to appear herein by answer in response to the plaintiffs service of the summons and complaint upon them, as did all others served with process, including defendant Freytes.
A settlement conference of the type mandated by CPLR 3408 was scheduled and held before quasi-judicial personnel assigned to the Specialized Mortgage Foreclosure Conference Part of this court on October 1, 2014. At the conclusion of such conference, the matter was marked “not settled” and released from that part and assigned to the Civil Case Inventory of this *688 court. In January of 2015, the plaintiff moved, ex parte, for an order of reference on default, which application was granted by an order of reference dated March 16, 2015.
By order to show cause dated May 22, 2015, defendant Freytes interposed the instant motion for an order compelling defendant JPMorgan Chase Bank to execute a subordination agreement by which the lien of its January 14, 2002 mortgage would be subordinated entirely to the consolidated mortgage lien of December 2001 for which foreclosure is demanded in this action by the plaintiff. Such an agreement is a condition precedent to the final implementation of a loan modification agreement that was conditionally agreed to by the plaintiff and defendant Freytes. In the moving papers, defendant Freytes and his counsel contend that JPMorgan Chase Bank’s refusal to subordinate its prior recorded mortgage loan, in its entirety, to that of the plaintiff’s consolidated mortgage loan is unreasonable since there are only two years of payments left on the plaintiff’s mortgage. In addition the defendant and his counsel allege that there is enough equity in the house to leave a residuary of $200,000 after payment of all outstanding loans. Defendant Freytes and his counsel further contend that defendant JPMorgan Chase Bank, whose loan is not in default, would not be prejudiced by the granting of the relief requested.
The motion is opposed by defendant JPMorgan Chase, which claims its mortgage has priority over the plaintiff’s December 21, 2001 mortgage in the amount of $46,000 and the CEMA of the same date, with its attached consolidated note and mortgage of the same date in the amount of $260,000, since the $82,000 mortgage of January 14, 2002 in favor of JPMorgan Chase Bank was recorded on February 13, 2002, some 18 days prior to the recording of the plaintiff’s December 21, 2001 new money mortgage in the principal amount of $46,000 and the CEMA of the same date. For the reasons stated below, the motion is denied.
Recent legislative enactments impose duties upon the plaintiff and the borrower in mortgage foreclosure actions to negotiate in good faith to resolve the claim by a settlement that is aimed at keeping the borrower in his or her home, if possible (see CPLR 3408; US Bank N.A. v Sarmiento, 121 AD3d 187 [2d Dept 2014]; Bank of N.Y. v Castillo, 120 AD3d 598 [2d Dept 2014]; Flagstar Bank, FSB v Titus, 120 AD3d 469 [2d Dept 2014]). Such a mandate does not, however, authorize the court to force a settlement upon either side. For it is now *689 settled law that neither this court nor any others may direct a party to a contract to rewrite its contract or to enter upon new or modified terms or other agreements as such a direction would clearly violate the Contract Clause of the United States Constitution (see Wells Fargo Bank, N.A. v Meyers, 108 AD3d 9 [2d Dept 2013]; see also PHH Mtge. Corp. v Hepburn, 128 AD3d 659 [2d Dept 2015]; Citibank, N.A. v Barclay, 124 AD3d 174 [1st Dept 2014]; US Bank N.A. v Williams, 121 AD3d 1098 [2d Dept 2014]; Flagstar Bank, FSB v Walker, 112 AD3d 885 [2d Dept 2013]; Wells Fargo Bank, N.A. v Van Dyke, 101 AD3d 638 [1st Dept 2012]). There is thus no duty on the part of a lender to modify the terms of a loan or to compel it to forgo any of the rights or remedies it possesses under the terms of any loan documents, which rights and remedies the borrower willingly conferred upon the lender in exchange for the lender’s advancement of the loan monies.
Here, it is clear that none of the provisions of CPLR 3408, including those requiring the lender and the borrower to negotiate in good faith a settlement, are applicable to the circumstances presented on this motion. The target of the instant motion is defendant JPMorgan Chase Bank, which is not the foreclosing lender in this foreclosure action, while the movant is defendant Freytes, a borrower under a loan that is not the subject of this action, whose default in appearing by answer was adjudicated in the March 16, 2015 order of reference. CPLR 3408 is thus not applicable, which negates any reliance upon its provisions to enlist the assistance of the court in engaging JPMorgan Chase Bank into executing the requested subordination agreement and thereby forgoing the benefits of the priority of its lien, if any, in order to implement the conditional modification agreement agreed to by the plaintiff. Even if it were otherwise, the court remains without “authority to force parties to reach an agreement” (US Bank N.A. v Williams, 121 AD3d 1098, 1102 [2014], supra; see also Flagstar Bank, FSB v Walker, 112 AD3d 885 [2013], supra; Wells Fargo Bank, NA. v Van Dyke, 101 AD3d 638 [2012], supra; see Wells Fargo Bank, N.A. v Meyers, 108 AD3d 9 [2013], supra).
Nor is there any basis for the court to issue an order under equitable principles which compels defendant JPMorgan Chase Bank to execute a subordination agreement that subordinates the purported priority of its January 14, 2002 mortgage lien to that of the plaintiff’s subsequently recorded but prior in time mortgage and CEMA of December 21, 2001. This court finds *690 that a resort to equity in a mortgage foreclosure action should be employed sparingly since such an action, while equitable in nature, differs markedly in one dominant and significant aspect from most other equity actions. In so finding, this court relies upon the fundamental pronouncements of law and equity issued by our Court of Appeals such as those set forth in Jo Ann Homes at Bellmore v Dworetz (25 NY2d 112 [1969]). Writing for a unanimous panel, Judge Burke wrote:
“Concededly, a foreclosure action is a ‘proceeding in a court of equity which is regulated by statute.’ (Dudley v. Congregation of St. Francis, 138 N. Y. 451, 457; see, also, Amherst Factors v. Kochenburger, 4 NY2d 203.) Nevertheless, it is well settled that such a proceeding is unlike other equity actions in several ways. Thus, while equity acts only in personam, an action for foreclosure ‘is in the nature of a proceeding in rem to appropriate the land’. (Reichert v. Stilwell, 172 N. Y. 83, 89.) Just as this court sustained the legality of a mortgage where the note was illegal (Amherst Factors v. Kochenburger, supra), we now conclude that a mortgage may not be set aside solely because the underlying transaction was tainted by a fraudulent representation. The trial court, which was the court of equitable jurisdiction in this instance, chose not to sustain the defense of fraud in the foreclosure proceeding and neither common sense nor precedent warrants a contrary determination” {id. at 122 [emphasis added]).
More recently, the Second Department reminded us that the “ ‘ “stability of contract obligations must not be undermined by judicial sympathy” ’ ” (Emigrant Mtge. Co., Inc. v Fisher, 90 AD3d 823, 824 [2d Dept 2011], quoting First Natl. Stores v Yellowstone Shopping Ctr., 21 NY2d 630, 638 [1968], quoting Graf v Hope Bldg. Corp., 254 NY 1, 4-5 [1930]).* In Graf, which was an action to foreclose a mortgage in which the defendant obligor/mortgagor appealed to the equity powers of the court to defeat the plaintiffs’ claim for foreclosure and sale, Judge O’Brien rejected such appeal and found as follows:
*691 “Plaintiffs may be ungenerous, but generosity is a voluntary attribute and cannot be enforced even by a chancellor. Forbearance is a quality which under the circumstances of this case is likewise free from coercion. Here there is no penalty, no forfeiture (Ferris v. Ferris, 28 Barb. 29; Noyes v. Anderson, 124 N. Y. 175, 180), nothing except a covenant fair on its face to which both parties willingly consented. It is neither oppressive nor unconscionable. (Valentine v. Van Wagner, 37 Barb. 60.) In the absence of some act by the mortgagee which a court of equity would be justified in considering unconscionable, he is entitled to the benefit of the covenant. The contract is definite and no reason appears for its reformation by the courts. (Abrams v. Thompson, 251 N. Y. 79, 86.) We are not at liberty to revise while professing to construe. (Sun P. & P. Assn. v. Remington P. & P. Co., 235 N. Y. 338, 346.) Defendant’s mishap, caused by a succession of its errors and negligent omissions, is not of the nature requiring relief from its default. Rejection of plaintiffs’ legal right could rest only on compassion for defendant’s negligence. Such a tender emotion must be exerted, if at all, by the parties rather than by the court. Our guide must be the precedents prevailing since courts of equity were established in this State. Stability of contract obligations must not be undermined by judicial sympathy. To allow this judgment to stand would constitute an interference by this court between parties whose contract is clear” (254 NY at 4-5).
Upon application of these appellate case authorities, the court finds no basis in equity or in law for the granting of the instant motion in which defendant Freytes seeks an order compelling defendant JPMorgan Chase Bank to execute a subordination agreement in which its prior recorded mortgage loan of January 14, 2002 would be subordinated, in its entirety, to the plaintiff’s prior but subsequently recorded mortgage and CEMA dated December 21, 2001. For this reason and those set forth above, the court denies the instant motion (No. 002) by defendant Freytes for an order granting such relief.
The court nevertheless notes, parenthetically, that JPMorgan Chase, which is described in the complaint as the holder of a mortgage lien that is inferior and subsequent to the mortgage lien for which the plaintiff demands foreclosure, defaulted in *692 answering the complaint and that such default, together with JPMorgan Chase Bank’s status as the holder of such an inferior and subsequent lien, was adjudicated under the terms of the order of reference dated March 16, 2015 (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 71 [2003] [“Indeed, defaulters are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them” (emphasis added)]; see also Rokina Opt. Co. v Camera King, 63 NY2d 728 [1984]; Mortgage Elec. Registration Sys., Inc. v Smith, 111 AD3d 804 [2d Dept 2013]). Notwithstanding such default, defendant JPMorgan Chase Bank now claims a priority to all or a part of the consolidated mortgage loan that is the subject of the plaintiff’s complaint. While such priority has not been disputed on this motion, a cloud appears to hang upon the efficacy of such a claim due to the procedural posture of this case. The court thus urges all parties to reconsider their positions on the issues raised on this motion.

 The Second Department in Fisher reversed the order of the trial court which reduced the mortgagors’ monthly payments due, among other things, to the trial court’s apparent sympathy for the distressed financial circumstances of the borrowers who were suffering from one or more medical conditions.