*532 OPINION OF THE COURT
Donald Scott Kurtz, J.
This motion to reject the Referee’s report dated July 30, 2012 is decided as follows:
Plaintiff commenced this foreclosure action by the filing of a summons and verified complaint on September 3, 2009. Pursuant to CPLR 3408, the case was transferred to the Foreclosure Settlement Conference Part. Over the course of several conferences, defendant Renato Ronci’s daughter (hereinafter Ms. Lo-coco), who was living in the home, had been attending the conferences. The first conference before the Referee was held on April 13, 2010 and adjourned. On July 20, 2010, the Referee issued a directive, finding defendant’s proof of income submitted was sufficient under the Home Affordable Modification Program (hereinafter HAMP) guidelines and that plaintiff was “in possession of all documents needed to do a HAMP review.” Plaintiff was directed to complete its review and the conference was adjourned. By letter dated November 3, 2010, plaintiff denied defendant’s modification application, stating that defendant was unable to create an affordable payment equal to 31% of the borrower’s gross income without changing the terms of the note beyond the requirements of HAMP. The letter also stated that the borrower failed to provide all requested documents. At the next conference on December 13, 2010, the Referee issued another directive, directing the submission of pay stubs and utility bills by defendant. Plaintiff was then directed to conduct a “long overdue HAMP Review in compliance with MHA v 2.0 (9/22/10) Chp II § 4.5, § 4.6 and § 6 et seq.”[1] within 30 days and the conference was adjourned to February 2, 2011.
Prior to the February 2, 2011 conference, on or about December 20, 2010, plaintiff’s attorney alleged that plaintiff was advised that a HAMP and traditional loan modification were denied, as the property was not owner occupied. Plaintiff also notes that it did not receive any lease agreements or evidence of rental income. On or about December 30, 2010, plaintiff advised that defendant could be re-reviewed for a modification if he provided a lease agreement and proof of rental income from Ms. Lococo. Plaintiff mailed a missing documents letter to defendant on January 5, 2011. The case was *533 conferenced on February 2, 2011 and again adjourned. At the next conference on March 22, 2011, the Referee issued a directive stating that plaintiff “has been in possession of all necessary, requested and required documents in order to conduct and complete its HAMP review in accordance with MHA (v 3.0) (12/2/10) Chp II, § et al [sic] since February 8, 2011.”[2] Plaintiff was barred by the Referee from requesting further documents and directed to conduct a review. The Referee further indicated that any further requests for documentation would be considered bad faith. The conference was adjourned to May 2, 2011.
At the May 2, 2011 conference, plaintiff was ordered to produce a representative of its servicer who could explain, “with supporting documentation,” why defendant cannot receive a traditional loan modification. On or about May 25, 2011, plaintiff received an assumption application for Ms. Lo-coco. On June 3, 2011, plaintiff sent defendant a letter denying both a HAMP and traditional loan modification because plaintiff could not verify that defendant was living in the property. Plaintiff claimed that the premises were not “borrower” occupied since Ms. Lococo transferred the property to her father for the purposes of obtaining a mortgage to buy out her ex-husband. The Referee noted that the premises were owned by Ms. Lococo and her former spouse and was transferred to defendant so a mortgage could be obtained to buy out the ex-husband. Ms. Lococo only wanted her former spouse substituted with her father on the title, and in fact, she would be paying the mortgage. Defendant executed and recorded a deed adding Ms. Lococo to the title. The conference was adjourned to August 2, 2011 and plaintiff was again directed to produce a representative with full knowledge and authority to settle this matter. Finally, at one point, plaintiff represented that it had “everything except the recorded deed and satisfaction of judgment” in its possession. According to the Referee, said documents were provided in hand at the August 2, 2011 conference and the Referee issued one last directive, again directing plaintiff to produce a representative in court on September 23rd with full knowledge of the case and authority to settle. On said date, a review had still not been completed. Plaintiff’s representative appeared and stated that according to “Chase Legal” the mortgage could not be assumed until it was modified. The Referee notes that this is a “catch 22” as the *534 mortgage cannot be assumed unless it is modified but it cannot be modified as it is not borrower occupied. On September 23, 2011, this matter was referred to this court, as the review was not completed by plaintiff as directed.
In his report, the Referee notes that after several directives were issued, Ms. Lococo was denied a HAMP review as well as a traditional loan modification. Plaintiff claimed that Ms. Lo-coco could not be added to the note and deed pursuant to the assumption application, as she had a judgment against her. The Referee noted that upon review of defendant and Ms. Lo-coco’s financials, it appeared that they qualified for a modification. The report indicated that several directives have been ignored and/or violated by plaintiff. In his report, the Referee notes that there appears to be no specific prohibitions preventing a modification. The report recommended that the plaintiff be ordered to produce the original promissory note; be directed to allow Ms. Lococo, now part owner of the premises, to assume liability under the note and mortgage; offer defendants a traditional loan modification upon “conditions available under a HAMP analysis”; and be ordered to appear for a hearing on bad faith sanctions. Additionally, the Referee recommended that the court issue an order cancelling accumulated interest, costs and attorneys fees from the initial conference date of April 13, 2010. Plaintiff now moves to reject and/or strike the report and recommendation of the Referee. It should be noted that subsequent to this matter being referred by the Referee, this court conferenced this case over a dozen times in an attempt to have the defendants reviewed for a HAMP modification but was similarly unsuccessful.
In support of its motion to reject the Referee’s report, plaintiff argues that it was not required to participate in “good faith negotiations” pursuant to CPLR 3408 (f) since said section only applies to legal actions filed on or after February 13, 2010. Nevertheless, it argues that it negotiated in good faith since the borrower never resided at the property and Ms. Lococo could not qualify for a mortgage on her own. It argues that the Referee acted outside the scope of his powers and that he cannot compel plaintiff to settle this action. Plaintiff also argues that since defendant had not sought to reinstate or pay off the underlying mortgage, the prejudgment interest cannot be tolled.
In opposition, defendant argues that CPLR 3408 (f) merely made explicit the duties of the parties to negotiate in good *535 faith, which duties are established under 22 NYCRR 202.12-a (c) (4). Defendant further argues that although plaintiff claimed it denied the modification because it could not verify that defendant lived at the property, it was always clear that he did not reside at that property. Nevertheless, plaintiff continued to request documents pertaining to Ms. Lococo’s income. Defendant claims that plaintiff presented no evidence of the purported change in guidelines which allowed it to now add Ms. Lococo to the loan and failed to explain why an exception from its investor restriction was still necessary. Finally, defendant claims that the modification application was, in fact, never reviewed, since plaintiff provides an email stating that the loan inquiry was rejected and that “Freddie Mac will not review this file for HAMP loan exception.” Defendant maintains that the Referee acted within the scope of his powers, as he only provided a recommendation, which the court may accept or reject.
CPLR 3408 requires a mandatory settlement conference in every “residential foreclosure action” involving a home loan as defined in RPAPL 1304 “in which the defendant is a resident of the property subject to foreclosure.” (CPLR 3408 [a].) The statute further provides that “both the plaintiff and defendant shall negotiate in good faith to reach a mutually agreeable resolution, including a loan modification, if possible.” (CPLR 3408 [f].) Good faith is an “intangible and abstract quality with no technical meaning or statutory definition.” (Adler v 720 Park Ave. Corp., 87 AD2d 514, 515 [1st Dept 1982].) Compliance with the good faith requirement of CPLR 3408 “must be based on the totality of the circumstances.” Wells Fargo Bank, N.A. v Van Dyke, 101 AD3d 638, 638-639 [1st Dept 2012].) The issue of whether a party failed to negotiate in good faith should be determined by considering whether the totality of the circumstances demonstrates that the party’s conduct did not constitute a meaningful effort at reaching a resolution. (See US Bank N.A. v Sarmiento, 121 AD3d 187, 203 [2d Dept 2014].) “In an action of an equitable nature, the recovery of interest is within the court’s discretion. The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party.” (US Bank N.A. v Williams, 121 AD3d 1098, 1102 [2014], citing Dayan v York, 51 AD3d 964, 965 [2d Dept 2008].)
The court finds that plaintiff had a duty to negotiate in good faith. CPLR 3408 (f) merely made explicit the duties of the parties to negotiate in good faith, which duties are established *536 under 22 NYCRR 202.12-a (c) (4). The Referee noted that plaintiff repeatedly delayed and forestalled this matter, specifically in violation of 22 NYCRR 202.12-a (c) (4). Moreover, the parties appeared in the Foreclosure Settlement Conference Part almost a dozen times and at no point did plaintiff claim it was not under a duty to negotiate in good faith under either section. Additionally, plaintiff appeared before this court over a dozen times in an alleged attempt to negotiate in good faith. Therefore, plaintiff cannot now claim that the requirement to negotiate in good faith does not apply in this action.
The court finds that the Referee’s report supports a finding that plaintiff failed to negotiate in good faith to reach a mutually agreeable resolution pursuant to CPLR 3408 (f). (See HSBC Bank USA v McKenna, 37 Misc 3d 885 [Sup Ct, Kings County 2012].) Consequently, the Referee’s report is confirmed to the extent that all interest accrued on the subject note and mortgage is tolled from the commencement of the mandatory conferencing on April 13, 2010 until service of a copy of this order with notice of entry. (See US Bank N.A. v Williams, 121 AD3d at 1102 [where the Second Department found that the Supreme Court providently exercised its discretion canceling certain interest accrued on the mortgage].) Additionally, plaintiff is barred from recovering attorneys fees and costs from April 13, 2010 until service of a copy of this order with notice of entry. Finally, the court hereby directs plaintiff to review defendants’ application for a loan modification without regard to interest or fees accrued from April 13, 2010. The remainder of the Referee’s recommendations are rejected at this time.

. MHA v 2.0 is the Making Home Affordable Program, version 2.0 issued on September 22, 2010.

. MHA v 3.0 is the Making Home Affordable Program, version 3.0 issued on December 2, 2010.