U.S. Bank Trust, N.A. v Public Admr. of Suffolk County (2025 NY Slip Op 05009)

U.S. Bank Trust, N.A. v Public Admr. of Suffolk County

2025 NY Slip Op 05009

Decided on September 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2023-07797
 (Index No. 603486/19)

[*1]U.S. Bank Trust, N.A., etc., appellant, 
v
Public Administrator of Suffolk County, etc., et al., defendants.

Gross Polowy, LLC, Williamsville, NY (Stephen J. Vargas and Michael Naghdi of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Paul M. Hensley, J.), dated May 8, 2023. The order, insofar as appealed from, denied, as academic, that branch of the plaintiff's unopposed motion which was for leave to effect service on the defendants Charles Noren and Kathleen Eng by publication pursuant to CPLR 316 and, sua sponte, tolled the accrual of interest on the subject mortgage loan retroactive to November 9, 2020.
ORDERED that the notice of appeal from so much of the order as, sua sponte, tolled the accrual of interest on the subject mortgage loan retroactive to November 9, 2020, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the plaintiff's unopposed motion which was for leave to effect service on the defendants Charles Noren and Kathleen Eng by publication pursuant to CPLR 316 is granted.
On January 14, 2008, Eileen Noren (hereinafter the decedent) executed a note in the amount of $267,176.28 in favor of Wells Fargo Financial Credit Services New York, Inc. (hereinafter Wells Fargo). On February 20, 2019, the plaintiff, Wells Fargo's successor in interest, commenced the instant action to foreclose a mortgage against, among others, the defendant Public Administrator of Suffolk County, as administrator of the decedent's estate (hereinafter the Public Administrator), as well as nine alleged heirs to the decedent's estate, including the defendants Charles Noren and Kathleen Eng. The complaint alleged that the note was secured by a mortgage on certain real property located in Suffolk County, and that the decedent had died on August 22, 2008—approximately seven months after executing the note, and that the default in payment occurred on April 30, 2014. The complaint further alleged that the defendants "may have an interest encumbering the property, which is either subordinate to Plaintiff's mortgage, or paid in full, equitably subordinated, or adverse to Plaintiff's mortgage." The complaint sought, among other things, to foreclose any interest to the property possessed by the defendants.
On or about February 25, 2023, the plaintiff moved, inter alia, for leave to effect [*2]service on Noren and Eng by publication pursuant to CPLR 316. In support of the motion, the plaintiff submitted an affidavit of Richard Jamison, who stated that he attempted to serve Noren at a certain location on March 19, 2019, but found that Noren could not be served at that location because the property was unoccupied, boarded, and posted. Jamison further stated that he attempted to serve Noren at another location on March 27, 2019, but was informed by Noren's brother that Noren did not reside at that location. Jamison stated that he made subsequent unsuccessful attempts to serve Noren at another location.
Jamison submitted a second affidavit regarding his attempts to serve Eng. He stated that he attempted to serve Eng at a certain location on March 23, 2019, but was informed that Eng no longer resided at that location. Jamison stated that he made a second attempt at the same location on May 28, 2019, but was informed that Eng actually resided in Florida. He stated that he subsequently attempted to serve Eng at a different location, but was unsuccessful.
In both affidavits, Jamison detailed the steps taken to ascertain Noren's and Eng's addresses, including formal requests upon certain local branches of the United States Postal Service, searches of online records of the New York State Department of Motor Vehicles, Accurint-Lexis searches, searches of the online records of the New York State Board of Elections, searches of telephone listings, and searches of the Suffolk County Surrogate's Court records. Jamison also submitted documentation in connection with these searches for the current addresses of Noren and Eng.
In an order dated May 8, 2023, the Supreme Court, inter alia, denied, as academic, that branch of the plaintiff's unopposed motion which was for leave to effect service on Noren and Eng by publication pursuant to CPLR 316, determining that because the personal representative of the decedent had been served, Noren and Eng were not necessary parties to the action. The court also, sua sponte, tolled the accrual of interest on the mortgage loan retroactive to November 9, 2020. The plaintiff appeals.
The Supreme Court erred in denying, as academic, that branch of the plaintiff's unopposed motion which was for leave to effect service on Noren and Eng by publication pursuant to CPLR 316. A court may permit service by publication, upon motion without notice, if traditional service is "impracticable" (CPLR 308[5]; see 316). "The impracticability standard does not require the applicant to satisfy the more stringent standard of due diligence under CPLR 308(4) nor make an actual showing that service has been attempted pursuant to CPLR 308(1), (2), and (4)" (Contimortgage Corp. v Isler, 48 AD3d 732, 734 [internal quotation marks omitted]; see JPMorgan Chase Bank, N.A. v Perkin, 197 AD3d 468, 469). "Whether service is impracticable depends on the facts and circumstances surrounding each case" (Wells Fargo Bank, NA v Patel, 175 AD3d 1350, 1351 [internal quotation marks omitted]).
Here, the Supreme Court should have permitted the plaintiff to serve Noren and Eng by publication, as the plaintiff demonstrated that it was impracticable to serve them by traditional means (see JPMorgan Chase Bank, N.A. v Perkin, 197 AD3d at 470). Contrary to the court's determination, the papers submitted by the plaintiff were insufficient to support the conclusion that Noren and Eng were not necessary parties to this action (see RPAPL 1311[1]; U.S. Bank Trust, N.A. v Gedeon, 181 AD3d 745, 746-747; Salomon Bros. Realty Corp. v Alvarez, 22 AD3d 482, 482).
Moreover, the Supreme Court should not have, sua sponte, tolled the accrual of interest on the mortgage loan. "In an action of an equitable nature, the recovery of interest is within the court's discretion" and "[t]he exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party" (Dayan v York, 51 AD3d 964, 965). "A court may impose a sanction sua sponte, but the party to be sanctioned must be afforded a reasonable opportunity to be heard" (PHH Mtge. Corp. v Hepburn, 128 AD3d 659, 661 [internal quotation marks omitted]). Here, since the court failed to afford the plaintiff a reasonable opportunity to be heard on the issue of tolling the accrual of interest on the mortgage loan, the court improvidently exercised its discretion in, sua sponte, tolling the accrual of interest on the mortgage loan (see id.; Bank of Am., N.A. v Lucido, 114 AD3d 714, 715).
BARROS, J.P., IANNACCI, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court